## H. D. McDonald v. J. J. Miller et al.

### Decided January 18, 1897.

1. Foreclosure—Lien-Holder Not Made Party.

A plaintiff attached certain lots of defendant, and had copy of the writ and return filed and recorded with the County Clerk. (Rev. Stats., 4669). He obtained judgment for foreclosure of his lien and sale to satisfy same, but did not proceed to sale. Subsequently, vendors of the lots brought suit against the defendant in the attachment proceedings, their vendee, by which they foreclosed the vendor's liens and sold the property for their satisfaction. The plaintiff in the attachment suit, who was not made a party to the suits to foreclose the vendor's liens, filed his bill against the purchasers of the lots, the vendors, to redeem. Held, that the lien of the plaintiff in attachment was not affected by the foreclosure proceedings, though he had notice of the suits. (Pp. 309 to 312.)

2. Same—Bill to Redeem.

In such case the plaintiff in attachment could not, before sale under his judgment, maintain an equitable action to redeem from the vendor's liens. The proper remedy was first to sell under his judgment,—the purchaser thereunder acquiring a right to redeem from the vendor's lien. (P. 313.)

Petition for writ of error to the Court of Civil Appeals, Fifth District, in an appeal from Lamar County.

McDonald was plaintiff in trial court, and appealed from a judgment for defendants, which was affirmed by the Appellate Court. He then applied for writ of error.

*H. D. McDonald,* for application, upon the proposition that his attachment lien was not affected by the foreclosure suits to which he was not made a party, cited and discussed: Webb v. Maxan, 11 Texas, 678; Hancock v. Henderson, 45 Texas, 479; Andrews v. Key, 77 Texas, 35; Fisher v. Foote, 25 Texas Sup., 316; Parker v. Dacres, 130 U. S., 43; 8 Am. and Eng. Encycl. Law, 206, 222.

On motion for rehearing, in support of the right of a holder of a lien to redeem, he cited in argument 2 Jones, Mortgages, sec. 1069; Brainard v. Cooper, 10 N. Y., 356.

*Hale & Hale,* for appellee.

No briefs for either party have reached the Reporter.

GAINES, Chief Justice.—We think the applicant, who was the plaintiff below and the appellant in the Court of Civil Appeals, was properly denied the relief sought by his petition; but since that conclusion is based upon different reasons than those given by the latter court, we think it proper to express our opinion upon the points presented.

The plaintiff, being an attaching creditor, brought this suit to redeem certain parcels of real-estate from certain liens which existed thereon, and which had been foreclosed without making him a party. The facts, briefly stated, are as follows: The plaintiff brought suit against one D.

P. Hollon and others, to recover a debt evidenced by a promissory note, and sued out an attachment, which was levied by the sheriff upon three lots in the City of Paris as the property of Hollon; and the sheriff thereupon filed with the county clerk of Lamar County a copy of the writ and of so much of his return thereon as related to the property in controversy, which copies were recorded and indexed by the clerk as required by law. The plaintiff afterwards obtained a judgment in his suit, in which a sale of the attached property for its satisfaction was ordered. No sale was made in pursuance of this judgment, and it remains unsatisfied except in part. Subsequent to these proceedings, J. J. Miller brought suit against Hollon, to recover upon a promissory note given by him for the purchase money of lot 1 of the lots so levied upon by plaintiff's attachment, and to enfore a vendor's lien upon that lot. B. V. Ownby and wife also brought suit against Hollon, to recover the purchase money for lot 2 of the lots and to enforce a vendor's lien for the payment thereof. Hattie S. Hale also brought a similar suit as to lot 3. The two latter actions were also instituted subsequent to the recovery of judgment by the plaintiff in his suit against Hollon. To neither of these actions was the plaintiff in this case made a party; but the plaintiffs in each of them recovered a judgment for the debt sued for, with a decree establishing the lien as claimed and ordering a sale of the property for the satisfaction of the judgment. Upon each of the judgments an order of sale was issued, and the property was sold by the sheriff. V. W. Hale became the purchaser of each of the lots at the sales,—the amount of his bid in neither case being sufficient to pay the judgment under which the lot was sold. He subsequently conveyed lot 2 to Mrs. M. A. Bingman, a defendant in the present suit. The plaintiff, McDonald, knew of the bringing and prosecution of the suits to foreclose the vendor's liens upon the lots respectively. After all these transactions, he instituted the present action, alleging more in detail the facts above stated, with others which we need not mention in this connection.

The levy of plaintiff's attachment upon the lots created a lien upon Hollon's equity of redemption in the property. (Rev. Stats., 1895, art. 213.) The plaintiffs in the suits for the foreclosure of vendor's liens on the respective lots were bound to take notice of the levy of the attachment. (Rev. Stats., 1895, art. 4669.) The plaintiff, McDonald, having notice that the suits to foreclose the vendor's liens were brought, but not having been made a party to either action, was his lien destroyed by the foreclosure under the judgments therein rendered? The rule is announced, by all the authorities, that a junior incumbrancer who is not made a party to a suit to foreclose a prior mortgage or lien is not affected by the judgment in such suit.

Judgments operate as estoppels only upon parties and privies, and hence the doctrine is but the application of a more general rule, that no one is concluded by a judgment except the parties to the action and their privies. The question should not be confounded with the inquiry as to the necessary parties to a foreclosure suit, arising in the suit itself. Upon

the latter question the decisions are various and conflicting.—A prior mortgagor need not be made a party (Hague v. Jackson, 71 Texas, 761): and it is even held by some courts that, in some contingencies at least, a junior incumbrancer is not a party necessary to a foreclosure. But where it is so held, the ruling is placed partly upon the ground that his rights will not be affected by the decree.

Save in our own courts, we have found no case which gives countenance to the doctrine that the rights of persons acquiring before suit the title to or a lien upon an equity of redemption are in any manner impaired by a foreclosure in a proceeding to which they are not parties. The difficulty of determining the question arises from our own decisions. We think, however, that properly considered, they do not support that doctrine.

In Webb v. Maxan, 11 Texas, 678, it was held that, since it was not shown that the purchase by Maxan of the property subject to the mortgage was known to the mortgagee, and since, in his purchase, he had assumed to pay the mortgage debt, he was bound by the decree of foreclosure. It is clear, that such is not the present case.

In Fisher v. Foote, 25 Texas Sup., 311, one Taylor had executed to one Brown a mortgage upon a tract of land, to secure the payment of the purchase money therefor, and Taylor being indebted to Fisher, the latter brought suit and obtained judgment against him for the debt. This judgment, under the law as it then existed, was a lien upon the land. Brown brought suit to foreclose his mortgage but did not make Fisher a party. The decree of foreclosure was rendered at the term of the court next after that at which Fisher obtained his judgment, but it does not appear whether the Fisher judgment was rendered before or after the institution of Brown's suit. After the decree of foreclosure, Fisher caused the land to be sold under his judgment and became the purchaser. Brown then procured an order of sale to be executed, and at that sale Foote purchased the land. Fisher brought an action of trespass to try title against Foote, and it was held that he was not entitled to recover. The report of the case is not full; but it appears from the statement of facts in the transcript, now on file in the office of the clerk of this court, that the deed to Taylor and the mortgage from him to Brown were contemporaneous; and under the decisions of this court Brown still held the legal title. Having caused the land to be sold under his decree of foreclosure against Taylor, all the right and title of both parties to that suit passed to Foote; and, under the decision of Ufford v. Wells, 52 Texas, 612, and other cases following the doctrine there laid down, Fisher could not recover the land without paying him the mortgage debt. Again, if Brown's suit had been brought when Fisher's judgment was rendered, it is clear that the latter would be treated as a purchaser pendente lite, and his rights, as well as Fisher's, would have been foreclosed by the sale under Brown's decree. This may have been the fact, though the record does not show it. However, the contrary does not appear, and the court may have considered that, since Fisher was the plaintiff in the suit, and was attacking

the foreclosure on the ground that he was not a party to the suit,—it was incumbent upon him not merely to prove that his judgment was rendered first, but that it was rendered before the suit to foreclose was instituted. It is also to be noted that, in the brief for Fisher, counsel lay stress upon the fact that Fisher obtained the first judgment, but do not claim that it was rendered before the Brown suit was brought. The opinion of Chief Justice Wheeler is mainly devoted to showing that the question of a vendor's lien claimed by Fisher had no place in the case, and nowhere bears marks of that careful elaboration, characteristic of the usual work of that eminent jurist. It probably did not express all that was in the minds of the court in making the decision. For these reasons, we cannot accept the case as authority in support of the proposition, that a junior lien-holder may be foreclosed by a prior incumbrancer without being made a party to the suit.

In Hall v. Hall, 11 Texas, 526, Judge Lipscomb, speaking for the court, says: "If, indeed, such incumbrancers, whether prior or subsequent, are not made parties, the decree of foreclosure does not bind them, as also a decree of sale would not. The prior incumbrancers are not bound, because their rights are paramount to those of the foreclosing party. The subsequent incumbrancers are not bound, because their interests would otherwise be concluded without any opportunity to assert or protect them." These remarks may not have been necessary to a decision of that case, but they have often been cited with approval. (Templeman v. Gresham, 61 Texas, 50; Buchanan v. Monroe, 22 Texas, 537; Mills v. Traylor, 30 Texas, 7; Preston v. Breedlove, 45 Texas, 47; King v. Brown, 80 Texas, 276.) Most of the cases cited involve the question of the rights of a subsequent purchaser from a mortgagor but, in principle, are not to be distinguished from the case of a subsequent incumbrancer by mortgage or any other lien. The right of the lien-holder is less than that of a purchaser, but as much a right as the latter to the extent to which it goes. McDonald acquired his lien by attachment, which was established by a judgment and ordered to be foreclosed before the suits were brought under which defendants claim. Hence he had not only an attachment lien, but an express, specific lien by judgment upon the property in controversy. His lien was more efficacious than that of a mortgagee, and of equal force and dignity. Stonehewer v. Thompson, 2 Atk., 440; Jefferys v. Dickson, L. R., 1 App. Cas., 183; Brainard v. Cooper, 10 N. Y., 356; The American, etc., Co. v. Loan Association, 61 Iowa, 464; Holmes v. Bybee, 34 Ind., 262.

The fact that McDonald had notice of the foreclosure suits does not affect the question. To make one having an interest in an action a party, the petition must make him a party; and if he does not voluntarily appear he must be cited. That he knows of the existence of the suit and could have intervened, makes no difference. The right of intervention, which is allowed by our laws, is a privilege and not a duty.

McDonald, then, having a lien which was not impaired by the foreclosure decrees and sales under which the defendants claim, the question

.arises, had he a right to bring this suit to redeem the property from the lien? This is an equitable proceeding, and a party can only resort to ·equity when he has not a plain, adequate and complete remedy at law. Is the relief prayed for in plaintiff's petition necessary to the protection ·of his rights? We think not. While his rights were not affected by the foreclosure procedings, the rights of the parties to the suits were. As between them, Hollon's equity of redemption was extinguished by the .sales, and the plaintiffs, from whom Hale purchased in trust, became invested with the entire equitable title, subject only to McDonald's lien. It seems to us that, as to this question, the case would not have been ·different had Hollon voluntarily conveyed to each of the plaintiffs the lot upon which the vendor's lien was held, in consideration of a credit upon· the notes. In the latter case each of the original vendors would, as between him or her and McDonald, have held a lien upon his or her lot, .and also the equity of redemption from that lien, subject only to Mc Donald's incumbrance (Silliman v. Gammage, 55 Texas, 365.) McDonald could have caused this equity to be sold, by virtue of his judgment, .and the purchaser would, upon discharging the vendor's lien, have acquired a full title to the property. Why compel the defendants to re-·ceive a satisfaction of their liens, when they hold the equity of redemption, and McDonald will still be required to sell in order to enforce his ·claim? We do not see the necessity of this course when no accounts are to be settled or equities adjusted in order to clear the title and cause the property, when sold under the judgment, to bring a fair price. The plaintiffs in the foreclosure suits having acquired all the rights of Hollon, subject to the judgment lien, were entitled to the rents and were bur-·dened with the payment of taxes upon the lots. Whatever improvements they put upon the land were put there at their own risk, and must go with it. Hence the allegations and proof that the defendants had received the rents, had paid taxes and made improvements, do not .affect the case. There is no dispute as to the amount of the respective debts which were secured by the vendor's liens. We think, therefore, the plaintiff herein has a plain, adequate and complete remedy at law, and that there is no occasion for resort to a court of equity at this stage of the proceedings.

We are aware that in most, if in not all, the cases in which the question is involved it is broadly asserted that the junior incumbrancer, whether mortgage, or judgment, or attachment creditor, who has not been made a party to the suit of the prior mortgagee, has a right to redeem the property from the mortgage. If it is meant by this that his lien upon the equity of redemption is not cut off by the foreclosure, the proposition is not to be gainsaid. But, under the rule which prevails in this State, the mortgage is a mere lien and the mortgagor retains the legal title; and, in our opinion, under that rule, it cannot be held that a junior judgment creditor has a right to bring a suit to redeem before a sale under his judgment, without losing sight of the principle which is the foundation of the equitable jurisdiction of our courts. An equitable

proceeding to enforce a redemption from a prior mortgage by a junior incumbrancer is necessary to the protection of such incumbrancer's rights in those jurisdictions where the mortgagee holds the legal title and is entitled to the possession of the mortgaged estate until his debt is paid. So, where a statute gives a mortgagor a right of redemption after a foreclosure, the lien of a judgment or attachment creditor may be lost, if not permitted to redeem. Such cases call for the exercise of the jurisdiction of a court of equity. So, also, if the lien creditor has sold under his judgment, and has become the purchaser of the equity of redemption, a court of equity will perfect his title by enforcing a right of redemption. In all such cases it may properly be said that the judgment or attachment creditor has a right to redeem, and we think that most if not all the cases in which the proposition has been asserted fall within one of these three classes.

If McDonald had sold under his order of sale, we are of opinion that the purchaser at that sale would have had the right to redeem; but because we think the present suit was not necessary in order to protect the plaintiff's rights, his application is refused.

*Writ of error refused.*