**DAVIS et al. v. WALKER et al. (No. 9593.)**

(Court of Civil Appeals of Texas. Fort Worth. April, 1921.)

1. **Vendor and purchaser ⊂⇒279—Junior lienor not necessary party to suit to foreclose lien.**

In suit to foreclose a lien on land, a junior lienor, although a proper party, is not a necessary party defendant, except to preclude him by the judgment, the only really necessary party defendant being the owner of the equity of redemption.

2. **Judgment ⊂⇒395—Judgment in suit to enforce vendor's liens vacated in part.**

Judgment rendered in favor of the purchaser of a first vendor's lien note foreclosing the lien as against the ultimate purchaser of the land should remain in full force and effect, but the judgment in favor of the attorney for the first purchaser of the land, his wife, and others, as intervenors, foreclosing a second lien against the ultimate purchaser of the land, should be vacated in its entirety, where necessary in adjusting the rights of all parties interested in the note which the second lien secures, etc.

3. **Vendor and purchaser ⊂⇒257—Junior lienor cannot pay off senior lien and take over property until he forecloses own lien and buys equity.**

A holder of a junior lien who is not made a party defendant to foreclosure of a prior lien has no right to pay off the senior lien and take over the property until such junior lienholder first forecloses his lien and buys the equity of redemption under the foreclosure.

4. **Vendor and purchaser ⊂⇒289—Right of junior lienholder to foreclose and redeem property under prior foreclosure of senior lien an absolute right.**

For a junior lienholder to foreclose his lien, it is not necessary for him to show that the property is worth more than the price realized therefor under the judgment foreclosing the prior lien to which he was not a party, as his right to foreclose his lien and buy in the property, thereafter to redeem from the purchaser under the prior foreclosure, is an absolute right.

Error from District Court, Tarrant County; R. E. L. Ray, Judge.

Action by J. T. Davis and others against A. W. Walker and others. To review judgment for defendants, plaintiffs bring error. Affirmed in part, and reversed and rendered in part.

Geo. W. Polk and J. C. Terrell, both of Fort Worth, for plaintiffs in error.

B. F. Bouldin, John W. Estes, E. S. Allen, and W. L. Coley, all of Fort Worth, for defendants in error.

DUNKLIN, J. ·On March 29, 1912, A. W. Walker conveyed to D. T. Davis a certain lot of land situated in the city of Fort Worth. The consideration recited in the deed was $305 cash paid, and two vendor's lien notes, one for $800, carrying a first lien on the property, and the other for $745, secured by a second lien. Later, the second note was paid off and the lien securing the same was released by the vendor Walker. The other note for the principal sum of $800 was sold by Walker to the Texas Securities Company, who later filed suit thereon, and under a judgment of foreclosure of the lien securing the same, decreed in that suit, the property was sold under a writ of execution and purchased by A. W. Walker, who later sold it to J. R. Black. Prior to the institution of that suit, D. T. Davis and wife, Mrs. M. C. L. Davis, conveyed the property to Mrs. Lilly Matkin and her husband, J. T. Matkin, the consideration recited in that conveyance being $1,000 cash and a vendor's lien note for $1,000, payable to the grantor D. T. Davis. In that suit D. T. Davis, A. W. Walker, Lilly Matkin, and her husband, J. T. Matkin, were made parties defendant, and a personal judgment was sought against D. T. Davis as the maker of the note and A. W. Walker as indorser, and a foreclosure was prayed for against the Matkins as subsequent purchasers of the property.

After the institution of the suit and prior to its trial, D. T. Davis died intestate. After his death, J. R. Black, assuming to act as attorney for Mrs. M. C. Davis, wife of. D. T. Davis, and for J. T. Davis, Walker Davis, Mattie Butcher, and Mrs. Lilly Matkin, as children and heirs of D. T. Davis, deceased, and for Shirley Butcher, husband of Mattie Butcher, and J. T. Matkin, husband of Mrs. Lilly Matkin, filed a plea of intervention in the suit, alleging the death of D. T. Davis, and that the interveners were his only heirs, and prayed that they be substituted as parties defendant in the foreclosure suit instead of D. T. Davis, deceased. Accordingly, the judgment of foreclosure was against all of those interveners as such heirs of D. T. Davis.

That plea of intervention also contained allegations of the execution of the $1,000 vendor's lien note given by Mrs. Lilly Matkin and her husband J. T. Matkin, in favor of D. T. Davis, in part consideration of the sale of

property by him to them, coupled with a prayer for judgment on that note and for foreclosure of that lien which it was alleged was superior to the lien claimed by the plaintiff, the Texas Securities Company.

In the judgment foreclosing the lien of the plaintiff Texas Securities Company, there was also a foreclosure of the lien claimed in the plea of intervention just noted, but subject to the .lien asserted by the plaintiff, which was decreed to be a prior and superior lien. And it was provided in the judgment that any excess remaining after the satisfaction of the plaintiffs' judgment be applied to the judgment in favor of the interveners against Mrs. Lilly Matkin and her husband, J. T. Matkin. At the sheriff's sale under the foreclosure decree, the property sold for the sum of $1,260, which was the exact amount of the judgment rendered in favor of the Texas Securities Company, with the court costs added.

The present suit was instituted by J. T. Davis, Walker Davis, Mattie Butcher, joined by her husband, Shirley Butcher, Lilly Matkin, joined by her husband, J. T. Matkin, and D. W. Evans, guardian of the estates of Willie and Harry Davis, minors, who were grandchildren of D. T. Davis and Mrs. M. C. L. Davis, and who were not parties to the former foreclosure suit, to set aside the foreclosure sale and to cancel the deed made thereunder to Walker, and also the deed from Walker to Black, and that said property be ordered resold to satisfy whatever may be justly due thereon and plaintiffs be given an opportunity to purchase the same at such sale, and further that said judgment of foreclosure be so reformed as to dispose of the interests of all the parties to this suit. It was alleged that Mrs. M. C. L. Davis had died intestate soon after the rendition of the former judgment of foreclosure, and plaintiffs sued as heirs of her and D. T. Davis.

The principal ground alleged for the relief sought was that the plea of intervention had been.filed in the suit by Black without the authority, knowledge, or consent of the plaintiffs in this, suit, for which reason it was alleged that the judgment in the former suit was without binding effect upon these plaintiffs; and the jury, in answer to special issues, sustained all of those allegations as to plaintiffs Mrs. Butcher and her husband, Shirley Butcher, J. T. Davis, and Walker Davis, but further found that plaintiffs Lilly Matkin and her husband did authorize Black, as their attorney, to file the plea of intervention against them. The jury further found that Walker Davis did authorize Black to represent him as a defendant against the suit of the Texas Securities Company to foreclose the lien claimed by that company, but there was no finding that Mrs. M. C. L. Davis did not authorize Black to file the plea of intervention in her behalf.

The jury further found that at the time J. R. Black purchased the property from Walker he knew that the minor plaintiffs in this suit were the heirs of D. T. Davis and Mrs. M. C. L. Davis. The jury further found that the price realized for the property at the sheriff's sale was its full market value. In the present suit judgment was rendered denying the plaintiffs any of the relief prayed for, and plaintiffs have appealed.

The record shows without controversy that in the foreclosure suit instituted by the Texas Securities Company Mrs. Lilly Matkin and her husband were duly cited to answer the petition, and at that time they were the owners of the equity of redemption, having previously purchased the property from D. T. Davis and wife, Mrs. M. C. L. Davis. Thus it appears that the plaintiffs in the present suit are the sole owners of the note upon which the plea of intervention was based; that the judgment of foreclosure on that note under and by virtue of the plea of intervention was valid as against Mrs. Lilly Matkin and her husband, as defendants in that intervention, and as to Mrs. M. C. L. Davis, plaintiff in that intervention, but was not valid as to Mrs. Butcher and her husband, and Walker Davis and J. T. Davis, and the minor plaintiffs in this suit, Willie and Harry Davis, represented by their guardian, D. W. Evans.

In the present suit, plaintiffs did not allege that the property was sold for less than its market value at the foreclosure sale, nor did they offer to pay off the amount of the judgment rendered in favor of the Texas Securities Company in that suit, nor do they pray specially for a foreclosure of the vendor's lien note inherited by them from D. T. Davis and wife, which was executed by the Matkins when the latter purchased the property, but they did pray:

"That said judgment be so reformed as to dispose of the interests of all parties to this suit * * * and that said property be resold for the amount due thereon, and these plaintiffs be given an opportunity to purchase said property at said sale, * * * and plaintiffs further pray that the court render such further orders, judgments, and decrees in this case as under the facts of this case they may be entitled to, either at law or in equity."

That prayer followed allegations of the facts related above, and under such circumstances we believe it was a sufficient basis for the relief hereinafter awarded to the plaintiffs. 27 Cyc. 1599.

[1] It seems to be well settled that in a suit to foreclose a lien on land a junior lienholder, although a proper party, is not a necessary party defendant, except for the purpose of precluding him by the judgment; the only really necessary party defendant being the owner of the equity of redemption. Since Mrs. Lilly Matkin and her husband were duly cited to answer the suit of the Texas Securi-

ties Company, the foreclosure of the lien of the plaintiff in that suit and the sale thereunder were valid, and cannot be set aside at the instance of the plaintiffs in the present suit, notwithstanding the lack of authority of J. R. Black to represent some of them, as noted above. In 15 R. C. L. p. 699, the following is said:

"The rule at common law is that a judgment is necessarily an entirety, and therefore, if void as to some part, it must be set aside in toto. Thus a judgment against several defendants, one of whom is dead at the time it is rendered, is considered as a unit as to all the defendants, and on a proper motion being made therefore it can be vacated as to all. But the better rule, and that now generally adopted, is that a judgment may be vacated against one defendant, and left in force as against his codefendant. Thus the court may set aside a judgment recovered against two in a civil action to recover damages for unlawful imprisonment, as to one of the defendants, and permit it to stand against the other, where it clearly appears that the latter performed acts which would have rendered him liable if sued alone. The liability of defendants in a judgment for the payment of money, originating in a joint and several contract, is several in nature, and an irregularity in its rendition, as against one defendant, furnishes no sufficient reason to vacate the judgment regularly rendered as to the other parties defendant therein. For the same reason, if a judgment is entered against several obligors on a bond, one of whom was dead when suit was brought, such irregularity is not a sufficient ground upon which to vacate a judgment regularly rendered as to the other defendants."

See, also, 23 Cyc. 900.

[2] In accordance with the doctrine there announced, we see no reason why the judgment rendered in the former suit in favor of the Texas Securities Company, foreclosing its lien as against the Matkins, should not remain in full force and effect, and also the sale thereunder of the property in controversy to A. W. Walker, as well as the sale by Walker to Black. But we believe that the judgment in favor of the interveners, foreclosing the second lien against the Matkins, should be vacated in its entirety. While it is true, as noted, that judgment was valid as to Mrs. M. C. L. Davis, as plaintiff in the intervention, and as against the Matkins as defendants therein, yet it will be necessary to vacate it in its entirety in order to properly adjust the rights of all parties interested in that note, and in order to have one final judgment thereon against the Matkins binding upon all the parties interested in the note, all of whom were necessary parties to that foreclosure. And to the same end we think it necessary to vacate the foreclosure decreed to plaintiff, the Texas Securities Company, as against Mrs. M. C. L. Davis and Walker Davis, as well as the other interveners, notwithstanding it appears they filed answer to that suit.

[3, 4] In McDonald v. Miller, 90 Tex. 309, 39 S. W. 89, it was held that a holder of a junior lien, who is not made a party defendant to a foreclosure of a prior lien, has no right to pay off the senior lien and take over the property until such junior lienholder first forecloses his lien and buys the equity of redemption under such foreclosure. Under the rule announced in that decision, it follows that plaintiffs in the present suit, as the owners of the note executed by the Matkins, and secured by the vendor's lien note upon the property, have no right to redeem the property from Walker or Black, as purchasers, under the judgment in the prior suit, since they are in no position to claim that right until they have foreclosed their lien and purchased the equity of redemption under a sale made under a judgment. And since they had no right to so redeem the property, they were not required to make any tender to any of the defendants as a condition for the right to maintain this suit. Nor do we understand the law to be that, in order for a junior lienholder to foreclose his lien, it is necessary for him to show that the property is worth more than the price realized therefor under the judgment foreclosing the prior lien, to which he was not a party. His right to foreclose his lien and buy in the property under such foreclosure, and thereafter to redeem the property from the purchaser under the prior foreclosure by paying to him the necessary amount, is an absolute right. Bexar Bldg. & L. Ass'n v. Newman, 25 S. W. 464; 27 Cyc. 1541, 1545, 1548, 1793, 1806, 1811, 1826, 1853; 2 Jones on Mortgages, 1038a, 1057, 1059, 1064. And it may be noted further that there was no finding by the jury of the value of the property at the time of the trial or at any time since it was sold under the former foreclosure, which was April 1, 1919; although defendant Black testified that the property is now worth $3,000 to $3,500, but that he had expended $800 for improvements which he placed on it.

For the reasons noted, the judgment of foreclosure in favor of the plaintiff, the Texas Securities Company, in the former suit as against Lilly Matkin and her husband, the sale thereunder to A. W. Walker, and the deed made by Walker to Black, are all held to be valid and final, and not subject to the attack made thereon by the plaintiffs in the present suit. But the judgment of foreclosure in the former suit in favor of the Texas Securities Company, plaintiff therein, as against Mrs. M. C. L. Davis, Walker Davis, and the other apparent interveners in that suit, as the owner of the note upon which the intervention was based, and also the judgment in favor of the interveners in the former suit against Lilly Matkin and her husband, are vacated and set aside. And judgment is now here rendered in favor of the plaintiffs in the present suit against Lilly Matkin and her husband, J. T. Matkin, for the amount due on the promissory note, executed by said Mrs. Lilly Matkin and J. T. Matkin in favor of D. T. Davis, referred to above, together with a foreclosure of the vendor's lien on the property in controversy in this suit to satisfy said note, and said property is ordered sold as under execution to satisfy that judgment, but subject to the title and all equities and rights acquired by Walker and Black under and by virtue of said former foreclosure in favor of the Texas Securities Company, and the sale thereunder. And since Mrs. Matkin inherited an undivided interest in the note which is made the basis of said judgment, the proceeds of such sale and any amount that may be otherwise collected on said judgment shall be apportioned among the plaintiffs, including Mrs. Matkin, share and share alike; D. W. Evans, as guardian of the estates of the two minors, Willie and Harry Davis, being entitled to one share, which represents the interests of both minors. All costs of this appeal are taxed against the appellants.

Affirmed in part, and reversed and rendered in part.