**SLAY et al. v. GOSE et al.   (No. 9620.)**

(Court of Civil Appeals of Texas. Ft. Worth. May 14, 1921.)

1. **Executors and administrators ⊜⇒329(2)— Homestead of surviving wife could not be subjected to debts other than secured purchase-money notes.**

Land, having been the homestead of the surviving wife of the owner, and his estate being insolvent, could not be subjected to the payment of any of the debts of the deceased husband other than purchase-money notes secured by vendor's lien and deed of trust executed to extend the maturity of the notes.

2. **Mortgages ⊜⇒334—Power of sale in deed of trust coupled with an interest, and survives death of grantor.**

The power of sale, given in a deed of trust to secure payment of a debt, is a power coupled with an interest, which continues in force after the death of the grantor, and a sale and deed made by the trustee in accordance with the powers given him by the instrument after the death of the grantor are valid and effective to pass title to the land conveyed, except in so far as the sale may interfere with due execution of an administration of the estate of decedent to pay such preferred claims as may have existed at the time of sale.

3. **Mortgages ⊜⇒591(2)—Foreclosure of lien by sale cuts off equity.**

The foreclosure of a lien by sale by the trustee named in a deed of trust in accordance with the terms of the instrument and in accordance with the statutes regulating such sales has the effect to cut off any equity of redemption previously existing in the grantor.

4. **Mortgages ⊜⇒594(5) — Junior lienor after purchase on foreclosure may redeem from prior liens.**

The holder of a junior lien, after he has purchased the property under foreclosure of his lien, has the right to redeem the property from prior liens by paying the amount of the prior lien debts.

5. **Husband and wife ⊜⇒276(6)—Sale of decedent's property by surviving wife passed no title to equity of redemption.**

Sale of her deceased husband's mortgaged property by the surviving wife under the community administration did not pass title to any equity of redemption, where neither the surviving wife nor her children had any equity of redemption to sell, on account of a junior lienor's having foreclosed, while the purchaser at the sale under the deed of trust paid off a senior lien on the property, thus redeeming the property and acquiring all rights of the surviving wife and children.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Suit by S. M. Gose and others against F. J. Slay, Jr., in which J. J. Ingram intervened. From a judgment for plaintiffs, defendant and intervener appeal. Affirmed.

R. E. Carswell, of Decatur, for appellants.
McMurray & Gettys, of Decatur, for appellees.

DUNKLIN, J. This suit was instituted by S. M. Gose in the form of an action of trespass to try title against F. J. Slay, Jr., to recover title to three tracts of land situated in Wise county, the first tract consisting of 64 acres, the second tract of 20 acres, and the third tract of 117 acres. The defendant filed a disclaimer of title to the first two tracts. He also filed a plea of not guilty as to the third tract, and, in connection with that plea, alleged that he was in possession of that tract as a tenant of J. J. Ingram, whom he prayed to be made a party defendant. Thereupon J. J. Ingram filed a plea of intervention, alleging that he was the landlord of defendant Slay, who was holding possession of the third tract as his tenant, and he prayed for permission to intervene and defend the suit as the owner of said third tract, and as to that tract he answered the plaintiff's petition by a plea of not guilty. He also filed a cross-action in the form of trespass to try title against the plaintiff to recover that tract, but disclaimed title to the first two tracts. Judgment was rendered in favor of the plaintiff for the recovery of title to all three of the tracts; the judgment for the first two tracts being rendered upon the disclaimers of title filed by the defendant and the intervener. Judgment for the third tract was rendered upon the findings of fact and conclusions of law filed by the trial judge, who tried the case without the aid of a jury, and which findings and conclusions are as follows:

"Findings of Fact.

"(1) By deed dated November 29, 1917, T. G. Williams conveyed to F. Slay, Sr., the land in controversy, the consideration being a cash

payment and the notes in controversy, to wit: One for $2,000, payable to T. G. Williams, January 1, 1918, with 8 per cent. interest, and the other three notes for $286.65 each, bearing 8 per cent. interest, payable in one, two, and three years from date to J. M. Scott and S. M. Gose, and stipulated to be a second lien to the lien to the $2,000 note, both sets of notes being secured by vendor's lien stipulated in the deed.

"(2) Said $2,000 note was assigned to the Bonner Loan & Investment Company, of Dallas, Tex., and by their deed of trust dated December 6, 1917, said F. Slay, Sr., and wife renewed and extended said note and lien by new note to said company due November 1, 1924, at 6 per cent. interest per annum, payable annually, and stipulated that failure to pay any installment of interest when due should mature said debt, said deed of trust also containing the usual power of sale by the trustee therein named or substitute trustee.

"(3) Said three notes for $286.65 each were secured by trust deed executed at the same time as the notes, naming a trustee and containing the usual power of sale, and stipulating that, upon failure of making of note to pay any of said notes or annual interest due thereon, the trustee, at request of the legal holder of the notes, should sell said land.

"(4) Said Slay, Sr., died intestate, 2d day of December, 1918, without having paid anything on any of said notes, and about three months thereafter, before any administration, at the request of said Scott and Gose, one of said $286.65 notes being past due and unpaid, the trustee duly advertised and sold said land at public outcry, in pursuance of the terms of the junior trust deed, and same was bid in by said Scott and Gose, and deed made to them accordingly, said sale and deed being of date January 7, 1919.

"(5) The land in controversy was the homestead of Slay, Sr., at the time of his death, he being the head of a family, and left surviving him a wife and several minor children, and at his death he and said family were occupying said land as a home; and his estate was insolvent, and there was no necessity for an administration on his estate, the only property he owned being said land and about five head of horses and mules, upon which there was a chattel mortgage and all of which, except two head, which the widow claimed as exempt she turned over to the owner of said chattel mortgage prior to said trustee's sale of the land.

"(6) On the 1st day of January, 1920, after said trustee's sale, Bettie Slay, widow of said Slay, Sr., applied for and there was issued to her, as community survivor, by the probate court of Wise county, letters of administration, and she duly made bond and qualified and filed inventory and appraisement of the estate, and she thereafter, as such survivor in community, conveyed the land in controversy to J. J. Ingram, one of the defendants herein, by deed dated 2d day of January, 1920, the consideration being the payment of Ingram of $200 in cash, the surrender of an account of medical services against said Slay estate amounting to $30, and the assumption by him of all the purchase-money notes against said land, as above set out.

"(7) Shortly thereafter said Ingram offered to pay off and satisfy all said indebtedness, and was financially able to do so, and would have done so, but said Gose and Scott refused to permit him to pay off same, claiming that title to the land had vested in them by the trustee's sale aforesaid.

"(8) The $2,000 note and lien were duly assigned by said Bonner Loan & Investment Company to the International Fire Insurance Company, and thereafter, on January 7, 1920, Republic Insurance Company sold and assigned said note and lien to plaintiff S. M. Gose, said conveyance reciting that by an act of the Legislature it had consolidated with and had succeeded to all the rights and property of said International Fire Insurance Company, which recitation was the only evidence that Republic Insurance Company owned or had the right to convey said note and lien.

"(9) Prior to the transfer to Gose set out in the preceding paragraph, Scott and Gose had paid off the installments of interest due on said $2,000 note.

"(10) After the $2,000 note had been assigned to plaintiff Gose, defendant Ingram again offered to pay off and discharge all sums of money due on said note and on the three $286.65 notes, and was amply able to do so, and would have done so, but said plaintiffs refused to permit him to pay said notes, and, having appointed a substitute trustee, duly advertised and sold said land under the power in the trust deed securing said $2,000 note, and became the purchasers at said sale, and the substitute trustee executed to them a deed accordingly.

"(11) I find that the defendant Ingram had no personal or actual notice of the sale made as aforesaid under said $2,000 deed of trust; that the substitute upon advice of plaintiff's attorney began said sale at exactly 10 o'clock a. m.; that Ingram's attorney, without knowledge that said land had been advertised or that said sale was to occur, happened to be present at the time, and upon inquiry ascertained the fact that said sale was about to be made; said Ingram wanted to pay off all said indebtedness, and would do so if the trustee would suspend the sale for 30 minutes to enable him to see Ingram and get the money, but the trustee refused the request and proceeded with and made said sale. I find that Ingram could and would have paid the money and satisfied all the indebtedness against said land within the 30 minutes asked for by his attorney.

"(12) I find that there is now due on all said notes the principal, interest, and attorney's fees stipulated therein, and that plaintiffs are the owners and holders thereof.

### "Conclusions of Law.

"(1) I conclude that the sale under the $2,000 note and deed of trust was void as against defendant Ingram.

"(2) I conclude that the sale of the land in question under the junior deed of trust was valid, and conveyed to plaintiffs all the title and equity of redemption of the estate of said Slay, Sr., and that the deed by Bettie Slay as community administrator conveyed no title to Ingram, and that plaintiffs should recover title and possession of the land sued for.

"F. O. McKinsey,
"Judge 43d Judicial District."

[1] None of the findings of fact have been challenged by appellant except the statement contained in the fifth paragraph of such findings, to the effect that there was no necessity for an administration of the estate of F. J. Slay, Sr., which statement was but a conclusion drawn from the statement of other facts contained in that paragraph. We think there is no merit in this contention. Prior to the sale of the land under the deed, and prior to the attempted community administration, the surviving wife had already discharged a debt owing by the decedent, which was secured by a chattel mortgage on five head of horses and mules by surrendering of said animals and reserving two, which she claimed as exempt property, and which under the law was so. And as the land in controversy was the homestead of the surviving wife and the estate was insolvent, it could not be subjected to the payment of any of the debts of the decedent other than the purchase-money notes, which were secured by a vendor's lien and deed of trust executed to extend the maturity of the notes. Hoefling v. Hoefling, 106 Tex. 350, 167 S. W. 210; Am. Bonding Co. v. Logan, 106 Tex. 306, 166 S. W. 1132; Speer's Law of Marital Rights, § 596, p. 794, and section 509, p. 819; Zwernemann v. Von Rosenberg, 76 Tex. 527, 13 S. W. 485.

[2, 3] In the well-considered case of Weiner v. Zweib, 105 Tex. 262, 141 S. W. 771, 147 S. W. 867, it was held that the power of sale given in a deed of trust to secure the payment of a debt is a power coupled with an interest, and continues in force after the death of the grantor, and that a sale and deed, made by the trustee in accordance with the powers given him by the instrument, after the death of the grantor are valid and effective to pass title to the land conveyed, except in so far as such sale may interfere with the due execution of an administration of the estate of the decedent for the payment of such preferred claims as may have existed at the time such sale is made. Many authorities are discussed in that opinion sustaining that ruling, and we think the same is now the settled law of this state. It is well settled that the foreclosure of a lien by sale, by the trustee named in a deed of trust in accordance with the terms of the instrument and in accordance with the statutes regulating such sales, has the effect to cut off any equity or redemption theretofore existing in the grantor.

### Authorities.

[4] It is also true that the holder of junior lien, after he has purchased the property under a foreclosure of his lien, has the right to redeem the property from prior liens by paying the amount of such prior lien debts.

McDonald v. Miller, 90 Tex. 309, 39 S. W. 89.

[5] Under these authorities, it cannot be seriously questioned that the equity of redemption, existing in F. J. Slay, Sr., and his wife, who survived him, and also his children, was foreclosed by the first sale under the deed of trust, and that the purchaser Gose thereunder had the right to pay off the senior lien, and thus redeem the property from that lien. He did pay off said senior lien, and, having done so, he acquired all the rights of the surviving wife and her children, as well as the rights of all persons holding any lien upon the property. The sale by the surviving wife under the community administration did not pass title to any equity of redemption, since neither the surviving wife nor her children had any equity of redemption to sell. When Ingram purchased under such sale he acquired no further right than the right to pay off the senior lien, and by such payment to become subrogated to the rights of the senior lien holder. But even if he had discharged said senior lien and had thus become subrogated to the rights of that holder, such a proceeding would not have deprived Gose of the right to redeem the property from the lien by paying the amount due thereon to Ingram, instead of paying it to the holder of the lien.

For the reasons stated, the lower court's findings of fact and conclusions of law are adopted as the findings and conclusions of this court; all assignments of error are overruled and the judgment is affirmed.