**MERRITT et al. v. RYNO.**

No. 3189.

Court of Civil Appeals of Texas.

Waco.

May 27, 1954.

F. R. Valentine, Q. Z. Valentine, Waco, for appellants.

W. M. Zachry, and Robert L. Frazier, Waco, for appellee.

TIREY, Justice.

Appellee, James William Ryno, a married man, brought this action against B. B. Merritt and Morris R. Wood to cancel a warranty deed which he and his first wife, Lois Katherine Ryno, had executed and delivered to B. B. Merritt and Sallie V. Merritt and to cancel the vendor's lien and contract lien retained in the deed to secure one note in the principal sum of $1575, bearing date January 15, 1953, payable in installments beginning on the 15th of February, 1953, said deed purporting to convey Lot 11 in Block 2, Baylor Addition to the City of Waco, McLennan County, Texas, and also to cancel a certain warranty deed executed and delivered by B. B. Merritt and wife, Sallie V. Merritt, to Morris R. Wood, such deed bearing date March 20, 1953, which deed conveyed property heretofore described, and recited a consideration of $844 paid and received from Morris R. Wood, and the further consideration of the cancellation of the note for $1575 heretofore referred to. The action is grounded on the allegation that the deed from Ryno and his first wife was a simulated transaction wherein the property was conveyed to Merritt and his wife for the purpose of creating an apparent lien on the homestead of Ryno and wife, with the promise and agreement on the part of Merritt to reconvey the property to Ryno after the sale and transfer of the note for $1575. The appellee sought cancellation of his deed to Merritt and wife and the deed from Merritt and wife to Wood on the theory that the entire transaction was fictitious and that the attorneys for Wood, who passed the

title and prepared the papers, were fully aware of the fact that such transaction was simulated, and sought relief by asking that the deed from Ryno and his wife to Merritt and his wife be cancelled, and that the deed from Merritt and wife to Morris be canceled. At the close of the testimony defendants Merritt and Wood filed their motions for instructed verdict, which were overruled, and the jury in its verdict found substantially that the deed from Ryno and wife to Merritt was a simulated sale of the homestead to create a loan thereon; that defendant Morris R. Wood knew or should have known that the deed of date January 15, 1953, aforesaid, was a simulated sale of the homestead to create a lien thereon. The court granted Ryno's motion for judgment on the verdict and decreed that the deed from Ryno and wife dated January 15, 1953 be canceled; that the lien placed on Lot 11, Block 2, Baylor Addition to the City of Waco, McLennan County, Texas, be canceled, and further decreed that the deed executed by Merritt and wife to Morris R. Wood, dated March 20, 1953, be canceled, and that title to Lot 11, Block 2, Baylor Addition to the City of Waco, McLennan County, Texas, be reinvested in the plaintiff James W. Ryno, and directed the Clerk to issue his writ of possession. Defendants seasonably filed their motion for new trial, which was overruled, and they perfected their appeal to this court.

The judgment is assailed substantially on the ground that the court erred in granting judgment in favor of appellee Ryno for the reason that all necessary and indispensable parties were not before the court and by reason thereof the court had not acquired judisdiction to render judgment disposing of the subject matter of this litigation. We are in accord with this view.

This record is without dispute that the property at the time Ryno and wife conveyed it to Merritt and wife was the homestead of Ryno and his former wife, Lois Katherine Ryno. Plaintiff filed his original petition on March 25, 1953. Subsequent to the execution of the deed by Ryno and his former wife under date of January

15, 1953, and prior to the trial of this case in October, 1953, Ryno's first wife, Lois Katherine Ryno, had divorced him (the exact date not given) and had remarried. Ryno, subsequent to his wife obtaining a divorce from him, remarried and was living with his second wife at the time of this trial and at the time judgment was entered. It is true that Lois Katherine Hamrick (former wife of Ryno) was present and testified on the trial of this case, but she was not a party defendant nor plaintiff. It is likewise true that Merritt's wife, Sallie V. Merritt, was present and testified on the trial of this cause, but she was not a party to the suit.

In Barmore v. Darragh, Tex.Civ.App., 227 S.W. 522 (no writ history) we find these general statements, which are substantially to the effect that where the record brings to the notice of an appellate court that necessary parties have been omitted from the suit, it will refuse to render a judgment; it would not be binding upon the parties, and would render the action nugatory and vain; the failure to make the necessary parties to the suit is fundamental error, and must be considered by an appellate court if discovered by it; necessary or indispensable parties include all persons whose interests will necessarily be affected by any decree that may be rendered; and no court should render a judgment or decree when it is apparent that all parties are not before it. Under such circumstances the court will itself raise the objection and refuse to proceed to judgment.

■ Our Supreme Court in Sharpe v. Landowners Oil Ass'n, Tex.Com.App., 127 Tex. 147, 92 S.W.2d 435, 436, made this statement of the rule: "It is settled beyond all question in this state that in a suit to cancel a written instrument all persons whose rights, interests, or relations with or through the subject-matter of the suit will be affected by the cancellation are necessary parties. (Citing cases.) The absence of a necessary party in a suit for cancellation is fundamental and jurisdictional to

548

such extent that it must be considered by this court." Citing Barmore v. Darragh, supra. Our Supreme Court has not seen fit to alter the rule applied by Judge German in Sharpe v. Landowners Oil Association, supra. See also Rogers National Bank of Jefferson v. Pewitt, Tex.Civ.App., 231 S.W.2d 487, and cases cited under point 4, at page 489 (writ ref.). The Sharpe case, supra, has also been cited as authority in other jurisdictions. See Hunt v. McWilliams, 218 Ark. 922, 240 S.W.2d 865, point 2, at page 867.

Since Ryno and his wife conveyed the property to B. B. Merritt and wife, Sallie V. Merritt, Mrs. Merritt is a necessary and indispensable party. See Business Men's Oil Co. v. Priddy, Tex.Com. App., 250 S.W. 156, points 2 and 3, on page 158. See also 9 C.J. 1225; 12 C.J.S., Cancellation of Instruments, § 52; 32 Tex.Jur. 128, 129, § 88; page 140, § 98. See also cases collated in 6 Tex.Dig., Cancellation of Instruments, ☞35; 3 Tex.Dig., Appeal and Error, ☞187(3).

In McDonald v. Miller, 90 Tex. 309, 39 S.W. 89, 95 we find this statement of the rule that is applicable here: "To make one having an interest in an action a party, the petition must make him a party; and, if he does not voluntarily appear, he must be cited. That he knows of the existence of the suit, and could have intervened, makes no difference. The right of intervention, which is allowed by our laws, is a privilege, and not a duty." Our Supreme Court has not seen fit to change this rule. See Shaffer v. Schaleben, Tex.Civ. App., 236 S.W.2d 234 (n.r.e.).

Because of the fact that this cause will have to be re-tried, we refrain from any discussion of the testimony tendered. On retrial we think we should add that the admission of evidence is controlled by the rule announced in Bradshaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972. See also Segal v. Saunders, Tex.Civ.App., 220 S.W. 2d 339 (n.r.e.); Henderson v. Jimmerson, Tex.Civ.App., 234 S.W.2d 710 (n.r.e); and Humble Oil & Refining Co. v. Atwood,

Tex., 244 S.W.2d 637, writ certiorari denied by S.Ct. of U.S., 345 U.S. 970, 73 S.Ct. 1112, 97 L.Ed. 1387.

Because of the views heretofore expressed, the judgment of the trial court is reversed and the cause remanded.