Edna PHIPPS et vir, Appellants,

v.

CHRYSLER CORPORATION et al., Appellees.

No. 15678.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 5, 1970.

Rehearing Denied Nov. 27, 1970.

Ted Musick, Houston, for appellants.

Howard L. Nations, Michael Connelly, Houston, for appellees; Butler, Binion, Rice, Cook & Knapp, Houston, of counsel.

PEDEN, Justice.

Appeal from granting of a summary judgment in favor of defendant John Paul Collins in a personal injury suit. The appellant does not complain about the granting of a summary judgment in favor of the other defendants.

■ Appellants' first point of error is that the trial court erred in granting motion for summary judgment for defendant John Paul Collins, who was named as a party defendant, even though service of citation had not been perfected, because Collins had appeared voluntarily by affidavit.

Collins' motion for summary judgment alleged that the accident giving rise to the suit occurred on December 22, 1966, that Collins was first named as a defendant in an amended petition filed on April 29, 1969, so the cause of action against him is barred by the two year statute of limitations and there are no genuine issues as to any material fact.

Appellants filed an answer to the motion and attached an affidavit and exhibits. They alleged that Collins had notice of the suit, was sued as a servant, agent and employee of Chrysler Corp. when this suit was filed on March 2, 1968 and that on April 29, 1969 Collins was sued individually. That service of citation on him was then immediately sought, but the sheriff was unable to locate him for service, so the plaintiffs (appellants) showed their diligence by getting out a new citation and finding his new address, where he was served with citation on November 5, 1969.

They also alleged that Collins had "notice of such suit in that he signed an affidavit on behalf of Defendant Chrysler Corporation and Chrysler Leasing Company on April 21, 1969, setting out that he was not an employee of such corporation."

They further alleged that Collins' agent, Hartford Insurance Group, admitted notice under their policy WD 24 KAL 1464 by letters which were attached as exhibits.

Article 5526, Vernon's Annotated Texas Civil Statutes, the limitations statute governing actions for injury done to the person or property of another, provides that such suits must be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterwards.

The summary judgment record shows that the appellants' original petition alleged that Mrs. Phipps was injured in an automobile collision on December 22, 1966. In that petition they stated that they were "complaining of Chrysler Leasing Company, a corporation," * * * "hereinafter styled Defendant, and for cause of action, would respectfully show unto this Honorable Court the following:"

Later in the petition, when alleging the circumstances of the collision, they stated that "Defendant, John Paul Collins, while in the course and scope of his employment for the Chrysler Leasing Company" caused Mrs. Phipps' injuries. In their prayer they sought "judgment against the Defendant,

Chrysler Leasing Corporation," for a specified sum and they also prayed for general relief. The appellants sought and obtained citation for service of this original petition on Chrysler but did not do either as to Collins.

We overrule the first point of error. It is clear that Collins did not enter a voluntary appearance in this case. In the affidavit of April 21, 1969, which appellants contend constituted his voluntary appearance, Collins said nothing about entering an appearance in the case or waiving the service of process; he merely set out facts showing that he was not and had never been an agent, servant or employee of Chrysler Leasing Co. or Chrysler Corp.

We can find no basis for the appellants' contention that by executing such affidavit Collins accepted or waived the service of process as provided by Rule 119, Texas Rules of Civil Procedure, or entered an appearance in open court as provided by Rule 120 or did so in any other way.

"To make one having an interest in an action a party, the petition must make him a party; and if he does not voluntarily appear, he must be cited. That he knows of the existence of the suit, and could have intervened, makes no difference. The right of intervention, which is allowed by our laws, is a privilege and not a duty." McDonald v. Miller, 90 Tex. 309, 39 S.W. 89 (Tex.Sup.1897); Merritt v. Ryno, 268 S.W.2d 546 (Tex. Civ.App.1954, no writ); Kaplan v. Kaplan, 373 S.W.2d 271 (Tex.Civ.App.1963, no writ).

■ The appellants' next point of error states:

"Affidavits duly filed set up fact situations that John Paul Collins, the Defendant, was out of the state and unavailable for service of citation for an undetermined amount of time. Therefore, the statute of limitations was not tolled against the Plaintiff, until he could be served."

We assume that the appellants intended to assert that the affidavits show that during a certain period of time the running of the statute was tolled. However, the affidavits on which appellants rely do not allege that Collins was out of the state— they only say he was out of the City of Houston. And they concern an occasion in March, 1969 and one in March, 1970, both subsequent to the running of the two-year statute of limitations. Appellants also rely on notations on citations reflecting inability of a deputy sheriff to locate Collins for service of citation in May, 1969 and in August, 1969. Neither of these notations raises a fact issue as to whether Collins was ever outside of the State of Texas, and both of them concern dates subsequent to the time during which the suit might have been maintained, so the appellants cannot avail themselves of the provisions of Article 5537, V.A.C.S., which states:

"If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

The appellants' affidavit and their answer filed in opposition to the motion for summary judgment make no mention of Collins' having ever been outside the State of Texas. Their statement and argument under their point of error merely contend that certain instruments raise a fact issue as to whether he was, but, as we have seen, those instruments do not raise such issue.

In their last point of error the appellants allege that Collins had notice of the suit and his representatives had made efforts to settle the case on his behalf. This point is closely related to the appellants' first point and the same principles of law

apply to both. The appellants have cited to us no case holding that notice to a defendant of the filing of a suit against him coupled with his efforts, or those of his agents, to settle the case toll the running of the statute of limitations or constitute an appearance on his part. We decline to so hold.

Further, it is clearly stated in the exhibits upon which appellants rely that the insurance carrier which appellants call "Collins' representatives" were speaking for their insured, Chrysler Corporation, so appellants are incorrect in asserting that those exhibits show that the insurance company was Collins' agent.

The judgment of the trial court is affirmed.