## G. DOWELL V. A. N. MILLS, USE, ETC.

1—A judgment in favor of a nominal plaintiff "for the use of the estate of Saunders, deceased," will not be disturbed in this court, on the assignment that it does not show for whom it was rendered.

2—Pending suit on a note, it was competent for the plaintiff to assign the demand sued on, and then to amend by leave of the court, so as to have the suit proceed to judgment for the use of the assignee, instead of for his own benefit.

3—The defendant, having been duly cited, was bound to take notice of such an amendment, without other notice than the original citation.

4—The case of McFadin v. MacGreal, 25 Texas R., 73, cited and approved.

ERROR from Galveston. Tried below before the Hon. George R. Scott.

The opinion of the court discloses all facts of any consequence.

*L. E. Trezevant,* for plaintiff in error.—Plaintiff in error assigns as error that the judgment rendered against him in the court below is void for uncertainty, in that it does not state for whom it was rendered.

This is a judgment by default. It will be seen by reference to the original petition that this suit was instituted by and for the petitioner therein, Albert N. Mills. By the amended petition the party plaintiff changes, and Albert N. Mills becomes a nominal party, in whose name the suit is thenceforward prosecuted for the use of the estate of Saunders, deceased, and "the estate of Saunders, deceased," to use the exact words of the amended petition, becomes the actor—the real plaintiff in the cause—and prayer is made that judgment be rendered for this new party, thus described and identified; and judgment was rendered for the use of "the estate of Saunders, deceased."

Plaintiff in error submits that the party in whose name suit is instituted "in *autre droit*" is but a nominal party, and that

the party for whose use the suit is brought is the real party to the action. · (McFadin v. MacGreal, 25 Tex. Rep., 73.)

Plaintiff in error insists that the real party plaintiff is not identified or described in the judgment, and that the judgment is void for this uncertainty, nor can this judgment be reformed in this court, because there is nothing in the record by which the identity or description of the real plaintiff is to be ascertained.

Plaintiff in error submits that notice of this change of parties on the record should have been served upon the defendant in the court below.

No brief for the defendant in error.

Walker, J.—On the 18th of March, 1869, Albert N. Mills sued the plaintiff in error on a promissory note, made by plaintiff to said Mills, dated December 28th, 1867, calling for $264 27, and due sixty days from date. The ordinary process of the court was served on the defendant below on the 19th day of June, 1869, the plaintiff, Mills, having parted with his ownership in the note sued on, obtained leave of the court and so amended his petition that he becomes merely the nominal plaintiff, and the suit, though it continues to stand upon the docket in his name, is prosecuted for the use of the estate of Saunders, deceased, and the defendant failing to appear to plead, answer, or demur, the plaintiff " for the use of the estate of Saunders," recovered judgment upon inquiry of damages for the sum of $295 98 and costs of suit. The plaintiff in error insists that this judgment should be set aside, because he thinks it is uncertain, indefinite, and does not show for whom it was rendered.

We do not think it can make much difference to plaintiff who gets the money; he has not denied owing the debt, and as this judgment stands, he can discharge it by paying the estate of any deceased Saunders.

It was perfectly competent for the plaintiff below to sue in

his own right, and it was also competent for him to change the character of the suits by making an assignment of the demand to any party or person legally competent to receive it. The plaintiff in error submits whether he was not entitled to notice of the change in the character of the suit against him below. We think he was, and that he had just such notice when the plaintiff amended his petition. He had been duly brought into court by citation, and was bound to take notice of whatever the court did, or permitted to be done, against him, and he was entitled to no other notice.

We have examined and approve the case of McFadin v. MacGreal, 25 Tex. R., 73.

The judgment of the court below is in all things approved.

Affirmed.