No. 6394.

JAMES P. HAGUE v. A. W. JACKSON.

1. PARTIES—OLDER LIEN.—In a suit to foreclose a mortgage upon real estate, a prior lien holder is not a necessary party defendant.
2. RECITALS—INCORRECT AND UNNECESSARY.—In absence of a statement of facts or bill of exceptions supporting the alleged error, it is not ground for reversal that in the judgment and decree a recital gives an incorrect date for the note and mortgage; that is, a date different from that alleged in the petition.
3. SAME.—See recitals in judgment, that the judgment was rendered upon a note and mortgage differing in date from that alleged in petition, and *held* to be immaterial.

ERROR from El Paso. Tried beolw before the Hon. T. A. Falvey.

This is error from a judgment below in favor of Jackson against plaintiff in error for six thousand two hundred and thirty-five dollars and fifty cents and costs and decree foreclosing a mortgage upon certain lands.

There is no statement of facts nor bill of exceptions.

The only specific assignment of errors is as follows:

"The judgment is contrary to both the law and the evidence in this that plaintiff sued upon a note dated April 4, 1885, and to foreclose a mortgage dated April 4, 1885, and recovered a judgment on a note dated May 4, 1885, and not on the note sued on, and the decree foreclosed a mortgage dated May 4, 1885, and not the mortgage sued on."

The petition declared that the instruments bore date April 4, and in the judgment the date of the note and mortgage was recited as May 4, 1885.

The petition disclosed the existence of a prior mortgage. It is argued that the holder of such mortgage was a necessary party.

*Walton, Hill & Walton,* and *George S. Walton* and *Hogue & Young,* for defendant in error: City of Laredo v. Russell, 50 Texas, 403; Parker v. Beavers, 19 Texas, 410; Loving v. Dixon,

56 Texas, 79; Denison v. League, 16 Texas, 408; Boles v..
Linthicum, 48 Texas, 220; Paul v. Perez, 7 Texas, 345; Menard
v. Sydnor, 29 Texas, 257; Hall v. Jackson, 3 Texas, 305; McKey
v. Welch, 22 Texas, 390; Chrisman v. Miller, 15 Texas, 159;.
Holland v. Cook, 10 Texas, 244; Hillebrant v. Barton, 39 Texas,
599; Miller v. Rogers, 49 Texas, 398.

*M. W. Stanton*, for defendant in error: 1. On necessary
parties: Chapman v. Lacour, 25 Texas, 94; Hall v. Hall, 11
Texas, 547; Turner v. Phelps, 46 Texas, 252; Tiedman on Real
Prop., sec. 359; Jerome v. Carter, 94 U. S., 734; Leese v. Sher--
wood, 21 Cal., 163; Sommers v. Bromley, 28 Mich., 125.
2. Recitals: Rev. Stat., 1354, 1355; Holland v. Cook, 10 Texas,.
244; Trabue v. Stonum, 20 Texas, 453; Mosley v. Brigham, 12
Texas, 104; Ramsey v. McCauley, 9 Texas, 106; Russell v. Mil-
ler, 40 Texas, 494; Ximenes v. Ximenes, 43 Texas, 458; Tram-
mell v. Trammell, 25 Texas Sup., 261; Whitaker v. Gee, 63
Texas, 435; May & Co. v. Pollard, 28 Texas, 677; Mason v. Mc-
Laughlin, 16 Texas, 24; Hamilton v. Ward, 4 Texas, 356; 1
Daniels on Neg. Ins., sec. 85; 1 Greenl. Ev., sec. 10.

STAYTON, CHIEF JUSTICE. This action was brought by de-
fendant in error to recover on a promissory note alleged to
have been executed to him by plaintiff in error, bearing date
April 4, 1885, and to foreclose a mortgage executed at the same
time to secure it. The petition did not set out the note *in hæc
verba*, but gave it substantially, and alleged that it bore three
credits, of which the several amounts and dates were alleged.
The mortgage was attached to the petition and made an ex-
hibit. It bore date April 4, 1885, and on its face purported to
be executed to secure the payment of the note described in the
petition, which the mortgage accurately described as to date
amount, rate of interest and time of maturity.

The defendant answered by a general demurrer and general
denial. The case was tried without a jury and a judgment
rendered in favor of the plaintiff. The judgment recites that
a note was offered in evidence by the plaintiff, which, with the
several credits endorsed thereon, it describes accurately as de-
scribed in the petition, except that it recites the note as of date
May 4, 1885, instead of April 4, 1885. It further declares that
it appeared to the court that the defendant had executed a
mortgage just such as was attached to and made a part of the

petition, except that it states the date of the mortgage to be May 4, 1885.

The defendant filed a motion for new trial, based on the sole ground that the petition stated no cause of action, which was overruled.

The mortgage recites the existence of a prior mortgage, and it is insisted that the court erred in proceeding with the cause until the holder of that was made a party. No request was made in the court below that such person should be brought in as a defendant, and had there been, the court would properly have refused to require it. The holder of a senior mortgage was not a necessary party.

It is further insisted that the recitals in the judgment that the note and mortgage on which the judgment was rendered were of date May 4, 1885, is conclusive of the fact that the judgment was rendered on a cause of action not alleged in the petition.

The recitals in the judgment were not necessary, and if from the whole record it appears with reasonable certainty that it was rendered on the cause of action set up in the petition, an erroneous recital will be no sufficient ground for reversal.

The entire recital in reference to the note is as follows: "And it appearing to the court *that the cause of action was or is upon a promissory note which was introduced in evidence by plaintiff's attorney after reading the petition in said cause,* which note was originally given for the sum of six thousand four hundred and fifty-seven dollars and ninety-three cents, and bearing interest at the rate of ten per cent per annum from the date of same, which said note was dated May 4, 1885, upon which note certain payments were credited, one credit of seven hundred dollars, on July 17, A. D. 1886; another credit of six hundred and twenty-five dollars, on October 19, 1886, and another credit of two hundred and fifty dollars on March 14, 1887."

We have here, in effect, a declaration that the promissory note made in the petition the cause of action was read in evidence.

The note described in the petition corresponded in every respect with that described in the judgment, including the credits, except as to the date of the note.

Looking to the entire entry and record, we think there can be no doubt that the note offered in evidence was the note described in the petition and in the mortgage made an exhibit,

which must be presumed from the judgment, there being neither a statement of facts nor bill of exceptions, to have been read as the best evidence of what the mortgage was, and of the debt it was given to secure.

The lands on which foreclosure was sought are accurately described in the petition and judgment, as are they in the original mortgage made a part of the petition.

That mortgage bears date April 4, 1885, and shows that it was given to secure the identical debt evidenced by the note described in the petition.

The incorrect date of the note and mortgage contained in the recitals of the judgment evidently are merely clerical errors, and in the face of the evidence, furnished by the record, showing that the judgment was actually rendered on the note and mortgage, made the foundation of the action, and correctly described in the petition, such recitals can not be held to furnish sufficient evidence that the judgment was rendered on a different cause of action.

The judgment rendered is for a sum slightly less than it should have been for on the cause of action pleaded, which is not an error greater than frequently occurs in the computation of interest when several partial payments have been made; but it is largely in excess of the judgment that should have been entered if based, as claimed by plaintiff in error, on a note for like amount, and with like credits as that described in the petition, but bearing date recited in the judgment.

The petition stated a cause of action on which the judgment entered could be legally rendered; it was rendered as a solemn adjudication of the rights of the parties; no objection was made at the time of the trial to the introduction of evidence, though plaintiff in error had answered in the cause, but he seems from the recitals in the judgment not to have thought it necessary to be present in person or by attorney at time of trial. A motion for new trial was filed, but it was not sought on any ground now urged for the reversal of the judgment; no defense was interposed which required the production of any evidence other than the note and mortgage described in the petition.

Even in contracts, testamentary and other papers, it is universally held that a matter of false description will not vitiate if, looking to the entirety, there be a sufficient description. The maxim *"falsa demonstratio non nocet"* has been ap-

plied to orders made in the course of judicial proceeding. (Bit-tleston v. Cooper, 11 M. & W., 400.)

It may well be questioned if this court would be authorized in any case, in which there was an appearance by the defend-ant, to reverse a judgment rendered in conformity to a cause of action stated in a petition, merely on account of a recital in a judgment not necessary to have been made.

In such a case it would seem that the complaining party should show through a statement of facts or bill of exceptions that the error which he seeks to show by a mere recital, actu-ally exists.

There is no error in the judgment entitling plaintiff in error to a reversal, and the judgment will be affirmed.

*Affirmed.*

Opinion delivered November 16, 1888.