LEONARDO GARZA ET AL. v. E. L. HOWELL· ET AL.

Decided January 7, 1905.

**1.—Foreclosure—Parties—Senior and Junior Liens.**

A prior mortgagee whose debt is not due is not a proper party to the suit of a junior mortgagee to foreclose his lien.

**2.—Same—Senior and Junior Liens.**

A junior mortgagee is entitled to have his lien foreclosed and the property sold subject to the claim of the prior mortgagee whose debt was not yet due, but not to affect the contract between the debtor and the prior mortgagee by a foreclosure and sale to satisfy both liens.

Appeal from the District Court of Anderson.  Tried below before Hon. John Young Gooch.

*Cobb & Hildebrand,* for appellants.—Where a note secured by a second mortgage falls due and suit is brought thereon and the holder of a note secured by a prior mortgage on the same property is made a party defendant, said defendant can not declare his note due and ask judgment on same.  Tinsley v. Boykin, 46 Texas, 592; Vieno v. Gibson, 20 S. W. Rep., 718; Whitehead v. Fisher, 64 Texas, 640; Gilman v. Ford, 19 S. W. Rep., 443; Warren v. Harrold, 92 Texas, 420, 49 S. W. Rep., 365; Holland v. Preston, 34 S. W. Rep., 977; Pons' Executors v. Beard, 49 S. W. Rep., 363; Davis v. Coleman, 40 S. W. Rep., 608.

Holder of a prior mortgage not a necessary party.  Hayne v. Jackson, 71 Texas, 763; McDonald v. Miller, 90 Texas, 311.

GARRETT, CHIEF JUSTICE.—This action was brought in the District Court of Anderson County by E. L. Howell against Leonardo Garza and his wife, Carolina C. Garza, and G. W. Burkitt and A. W. Gregg to recover upon a note of $500 and the foreclosure of a mortgage on 1,710 acres of land situated in Leon County.  The note and the mortgage sued on were executed by Garza and his wife, and Burkitt was made defendant as the holder of another note for $1,000 executed by the Garzas in his favor which was a prior lien on the same land. Gregg was brought in as trustee to Burkitt's lien.  Plaintiff prayed for judgment against the Garzas for the amount of their debt and that the court adjust the equities between him and Burkitt and that the land be sold and the proceeds applied in satisfaction of the claims of the plaintiff and the said Burkitt.  The defendants Garza and wife pleaded the general demurrer and general denial to the plaintiff's suit. Burkitt pleaded over his note and lien and prayed for judgment for the amount of the note, interest and attorney fees together with costs and for foreclosure.  As recited in the judgment the note sued on by the plaintiff was dated October 12, 1900.  It was payable on or before five years after date to the order of G. W. Burkitt for the sum of five hundred dollars with annual interest thereon from date at the rate of 10 percent per annum; the entire principal and accrued interest to become due at the option of the holder in case of default in the payment of any installment of interest.  In the event of default in payment and the placing of the note in the hands of an attorney for collection the makers agreed to pay in addition ten percent of the amount thereof as attorney fees.  Default of interest was made October 12, 1903.  In order to secure this note Garza and his wife executed to A. W. Gregg as trustee for Burkitt a deed of trust on the 1,710 acres of land situated in Leon County described in the petition and upon which a vendor's lien created by the Garzas existed in favor of said Burkitt for the payment of said note of $1,000.  The note for $500 was assigned by Burkitt to the plaintiff.  The note for $1,000 held by Burkitt was dated May 12, 1900, and was executed to his order by Garza and his wife.  It was a vendor's lien on the land and was payable ten years after date with

annual interest at the rate of five percent. Interest had been paid up to May 12, 1903.

Upon these facts as recited in the judgment the court below entered judgment foreclosing the liens of the plaintiff and Burkitt severally for the amount of their notes with ten percent attorney's fees and ordered the property sold and the proceeds paid in satisfaction first to costs and then to the claim of Burkitt and afterwards to that of Howell. A general judgment was awarded over in favor of Howell. Burkitt's note was not due according to its face until May 12, 1910, or default in payment of interest. There had been no default in the payment of interest, and no occasion had arisen by which Burkitt was entitled to have the property sold for the payment of his note. As prior mortgagee he was not a necessary party to the suit of the junior mortgagee to foreclose his lien. The junior mortgagee had only the right of redemption which he could not enlarge by making the prior mortgagee a defendant to the suit. He could not change the contract between the mortgagor and first mortgagee. McDonald v. Miller, 90 Texas, 311; Hague v. Jackson, 71 Texas, 761. Not being a necessary party to the plaintiff's suit to foreclose, Burkitt's contract which had not matured could not be affected by bringing him into the suit and giving it the effect of a matured obligation. One undertaking to foreclose a senior lien must make junior lien holders parties in order to conclude their rights, but the foreclosure of a junior lien can not possibly affect the rights of the holder of the senior recorded lien for the reason that the sale under the foreclosure is subject to the senior lien and the purchaser at such sale buys only the equity of redemption. The investigation of the following cases will show the rule adopted in this state in adjusting the equities of lien holders. Tinsley v. Boykin, 46 Texas, 592; Vieno v. Gibson, 20 S. W. Rep., 718; Whitehead v. Fisher, 64 Texas, 640; Gilmour v. Ford, 19 S. W. Rep., 443; Warren v. Harrold, 92 Texas, 420; Holland v. Preston, 12 Texas Civ. App., 588, 34 S. W. Rep., 977; Davis v. Coleman, 16 Texas Civ. App., 313, 40 S. W. Rep., 608.

The court erred in decreeing that the land be sold for the payment of Burkitt's note. The error was emphasized in adjudging attorney fees on a claim that had not matured. The judgment of the court below will be reversed as to the defendant Burkitt and judgment will be here rendered dismissing him from this suit. The judgment in favor of the plaintiff will be reformed so as to require the proceeds of property to be paid in satisfaction of his judgment. The foreclosure of Howell's lien will be subject to such prior lien as Burkitt holds and may hereafter establish. It will be without prejudice to any right that Burkitt may have as prior lien holder. The costs of this appeal and the costs of the court below caused by making Burkitt and Gregg parties are adjudged against the plaintiff and the defendant Burkitt equally.

*Reversed and rendered.*