## RINGLE et al. v. WAGGONER et al.
### (No. 1918.)

(Court of Civil Appeals of Texas. Amarillo. March 1, 1922.)

**1. Mortgages ⟨⟩427(4)—Senior lienholder not necessary party to junior lienholder's suit to foreclose.**

A senior lienholder is not a necessary party to a suit by a junior lienholder to foreclose.

**2. Executors and administrators ⟨⟩170 — Assignment of notes by executrix held valid without court order.**

An assignment of notes by the sole beneficiary and executrix under a will *held* valid at least as to strangers and parties not directly interested in the administration, though no order of the probate court authorizing the sale, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 3480, was shown.

**3. Limitation of actions ⟨⟩46(12)—Vendor and purchaser ⟨⟩278 — Statute does not run against notes assumed by grantee, until deed to latter.**

Limitations do not run against notes, payment of which is assumed by grantee in a deed, until the date of such deed, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 5688, 5695.

**4. Homestead ⟨⟩192—Limitation of actions ⟨⟩172—Defenses of limitation and homestead held available only to grantee assuming payment of mortgaged notes.**

Defenses of limitation and homestead, when waived by the maker of a note, are available only to a purchaser of land securing same, who assumes payment thereof.

**5. Bills and notes ⟨⟩443(3) — Purchaser's agreement to share amount recovered on notes bought held not to give promisees interest in notes.**

That a purchaser of notes thought worthless agreed to pay 50 per cent. of the amount recovered on them did not give promisees an interest in the notes sued on, but only an interest in the recovery, so that, holding the legal title, he could recover, either in his own right or for the benefit of those owning such contingent interest.

**6. Appeal and error ⟨⟩1152—Judgment allowing recovery to wrong party not reversible error where judgment could be reformed from facts in record.**

That a judgment decreed that a party to an action, who had assigned notes sued on to another party and filed a disclaimer should recover thereon was not reversible error, where the facts on which the judgment might be reformed appeared in the record.

Error from District Court, Hemphill County; W. R. Ewing, Judge.

Action by W. D. Waggoner against A. A. Ringle and others. Judgment for plaintiff and certain defendants, and defendant Ringle and others bring error. Reformed and affirmed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hoover, Hoover & Willis, Frank Willis, and Will Crow, all of Canadian, for plaintiffs in error.

Sanders & Jennings, of Canadian, for defendants in error.

HALL, J. On October 17, 1913, A. A. Ringle and wife Malinda Ringle executed and delivered to Joseph Rodegeb seven promissory notes, the first in the sum of $577.83, and the others in the sum of $500 each, payable one, two, three, four, five, six and seven years after date, respectively. At the same time they executed a deed of trust to J. S. Hood, trustee, conveying section No. 3 in block No. 1. Hemphill county, Tex., to secure the payment of said notes. On September 24, 1918, Ringle sold the said section of land to L. S. Palmer, and as part of the consideration for said sale Palmer assumed the payment of the above-described notes. On the 15th day of October, 1920, defendant in error, W. D. Waggoner, filed suit upon said notes and to foreclose the deed of trust upon the land. He made L. S. Palmer, Farmers' Shipping Association, a corporation, Canadian Hardware & Furniture Company, a corporation, A. A. Ringle, Malinda Ringle, Emma Heinlen, Louis Heinlen, C. S. Ringle, D. N. Erickson, W. R. Brush, and J. S. Hood parties defendant. H. E. Hoover, one of the plaintiffs in error, by permission of the court, intervened and alleged that on the 24th day of September, 1918, L. S. Palmer executed and delivered to A. A. Ringle a vendor's lien note, being Note No. 2, in the sum of $500, due May 1, 1919, secured by the vendor's lien on said section of land, and that he, the said Hoover, was the owner and holder thereof by regular transfer from A. A. Ringle. He prayed for judgment for the amount of the note and for foreclosure of the vendor's lien. C. S. Ringle disclaimed, alleging that he had transferred all of his right, title, and interest in certain notes secured by lien against said section to Emma Heinlen, and prayed that he be dismissed with his costs. W. R. Brush answered by general and special exceptions and specially alleged that the promissory notes described in plaintiff's petition, dated October 7, 1913, and due one and two years after date, respectively, were barred by the statute of limitations of four years. He further alleged that on August 11, 1920, he had recovered a judgment against L. S. Palmer in the sum of $1,016.50, which had been regularly abstracted and recorded in the judgment records of Hemphill county, whereby he had acquired a valid lien upon said section. He further alleges that on October 7, 1913, when said notes and deed of trust were executed by Ringle and wife, 200 acres of said section No. 3 was the homestead of Ringle and wife and was so designated and described upon the deed records of Hemphill county. Wherefore Joseph Rodegeb acquired no lien upon said 200 acres, and that defendant in error Waggoner should be denied a foreclosure as to said 200 acres. He further specially denied that Waggoner was, at the time of the institution of the suit, or at the time of the trial, the owner of the notes sued upon; that at the time he attempted to acquire title to the same two of them were barred by the statute of limitations, and that it was then and there agreed by said Waggoner and the representatives of the Rodegeb estate that Waggoner had no right or title to the barred notes.

Louis Heinlen and Emma Heinlen answered, praying for judgment upon some of the notes executed by L. S. Palmer to A. A. Ringle, alleging that they evidenced a part of the purchase price of the land when it was sold by Ringle, and that they are the holders of said notes by transfer from C. S. Ringle. They also plead limitation in bar of notes Nos. 1 and 2, sued on by plaintiff, and assert that all other defendants and the intervener are estopped to set up any invalidity of the deed of trust sued on by defendant in error. They admit that defendant in error has a superior lien to theirs and allege that the vendor's lien securing their notes covers the entire section of land.

The Farmers' Shipping Company alleged that on December 23, 1919, L. S. Palmer executed and delivered to it his note in the sum of $3,158.63, which he secured by a deed of trust upon said section of land. It also pleaded limitation against notes Nos. 1 and 2, sued upon by defendant in error, and set up the homestead claim of Ringle and wife. It denied the ownership of the notes by Waggoner, and prayed for judgment and foreclosure of its lien.

A. A. Ringle and wife, Malinda Ringle, answered jointly, alleging that the seven notes sued upon evidenced the original purchase money of the section of land; that the defendants in error's lien was prior to the liens claimed by any of the plaintiffs in error; that by the contract of sale between them and Palmer the latter, as part of the consideration for the purchase of the land, assumed the payment of the seven notes sued upon, and that by the terms of such instruments it was provided that said land should stand as security for the debt owed by them. They pleaded estoppel as against all of the plaintiffs in error to assert the invalidity of said debt or liens, and prayed that the section of land be sold to pay off their indebtedness.

The Canadian Hardware & Furniture Company pleaded limitations against the first two notes; asserted that it had a judgment lien against the section in the sum $311.27, which amount was due it from L. S. Palmer. It further set up a homestead claim of Ringle

and wife and denied the ownership of the notes by Waggoner.

D. N. Erickson also asserted that he had a judgment lien against the section to· secure an indebtedness due from Palmer in the sum of $199.36.

L. S. Palmer answered, adopting the pleas of his codefendants Farmers' Shipping Association, Canadian Hardware & Furniture Company, W. R. Brush, and the intervener, H. E. Hoover, in so far as their pleadings were applicable to his defense, further insisting that there was a want of necessary parties.

On January 17, 1921, defendant in error Waggoner dismissed his suit as against the unknown heirs of Joseph Rodegeb, deceased, and on August 11, 1921, filed his supplemental petition alleging that L. S. Palmer had assumed' payment of the notes sued upon by him, and that the said Palmer and the Farmers' Shipping Association were estopped to set up the statute of limitations as against any of said notes; that Palmer's contract of purchase constituted and became a renewal of the original indebtedness and lien at the time of his purchase, and by second supplemental petition he alleged that all of the defendants, as well as the intervener, were estopped to set up the statute of limitations as against his notes Nos. 1 and 2.

On August 11, 1921, Ringle and wife filed their supplemental answer, alleging that the notes executed by them to Rodegeb and sued upon by plaintiff were executed to evidence an indebtedness of theirs to Rodegeb for money which he had furnished them to take up and extend' a series of notes given in part payment for the very land involved in the suit. All exceptions filed by the plaintiffs in error were overruled. The case was tried by the court without the intervention of a jury, and judgment was rendered' foreclosing the various liens as asserted by the parties and foreclosing a lien in favor of C. S. Ringle for the sum of $2,032.66, further decreeing that Waggoner recover upon all of the notes described in his petition with a foreclosure upon all of the said section of land. Judgment is further rendered against the plaintiffs in error on their pleas of limitation as to two of the notes on their claim for homestead exemption and for costs. From this judgment L. S. Palmer, A. A. Ringle and wife, Malinda Ringle, Louis Heinlen and wife, Emma Heinlen, H. E. Hoover, J. S. Hood, D. N. Erickson, W. R. Brush, Farmers' Shipping Association, and Canadian Hardware & Furniture Company ·prosecute their writ of error.

[1] The first questions to be considered are presented by plaintiffs in error's fourth and fifth propositions, by which it is asserted that all necessary parties had' not been made parties to the suit, and that the executrix and the heirs of the estate of the testator, Rodegeb, who formerly owned the notes and lien, and are claiming some interest therein, are necessary parties, and that· the exception raising this issue should have been sustained. The deed of trust given to secure the notes sued upon recited that it was subject to a prior lien upon the land held by the Bonner Loan & Investment Company. The petition discloses this fact, and by exception to the petition it was insisted that the Bonner Loan & Investment Company was a necessary party to the suit. It is settled law that a senior lienholder is not a necessary party to a suit by a junior lienholder to foreclose. Hague v. Jackson, 71 Tex. 761, 12 S. W. 63; Garza v. Howell, 37 Tex. Civ. App. 585, 85 S. W. 461; Arlington Hts. v. Citizens' Railway Co. (Tex. Civ. App.) 160 S. W. 1124.

[2] It is further contended by the plaintiffs in error that the court erred in rendering judgment upon the notes because defendant in· error did not show an order of the probate court in Ohio, authorizing the executrix, Emma Rodegeb, widow of Joseph Rodegeb, to sell and transfer the notes. The will of Joseph Rodegeb was introduced. It bequeaths to Emma Rodegeb all his personal property, names her as executrix without bond, and provides that no inventory and appraisement of his estate be made. The final account of the executrix and the order approving the same was introduced. This account shows that the executrix charged herself with the Ringle notes, $3,600, and item 4 on the credit side of the account indicates that she had received the money. It appears from the certified copies of the proceedings in the estate from the probate court of Seneca county, Ohio, that the affairs of the estate were finally settled on October 5, 1917. The notes were indorsed as follows:

"Pay to the order of W. D. Waggoner without recourse on me. Emma Rodegeb, Executrix of the Estate of Joseph Rodegeb, Deceased."

A written assignment dated' October 14, 1920, signed "Emma Rodegeb, Executrix of the Will of Joseph Rodegeb, Deceased," contains this recital:

"I, Emma Rodegeb, widow of Joseph Rodegeb, deceased, acting herein in my own behalf, as legatee, under the will of Joseph Rodegeb, deceased, and as executrix of the estate of Joseph Rodegeb, deceased, in Seneca county, Ohio, for and in consideration of the sum of $3,500.00 to me cash in hand paid by W. D. Waggoner," etc.

This assignment describes all of the notes in suit.. The defendant in error had the notes in his possession at the trial and introduced them in evidence. We think under these facts he was entitled to recover, and that article 3480, V. S. C. S., has no application. Solinsky v. Fourth National Bank, 82 Tex. 244, 17 S. W. 1050; Abercrombie v.

Stillman, 77 Tex. 589, 14 S. W. 196; Bloch v. Rio Grande Valley Bank & Trust Co. (Tex. Civ. App.) 190 S. W. 541; Glover v. Coit, 36 Tex. Civ. App. 104, 81 S. W. 136. In the last-named case Mrs. Coit was executrix and also devisee. She sold certain land therein devised to her, the sale being made under the erroneous impression that the will created an independent executorship. The deceased devised all his property to his wife, Mrs. Coit. It was held that, where the rights of creditors were not involved, and the executrix was the sole devisee under the will, the fact that the will was not an independent one, and that a sale by the executrix was made without an order of the county court, was not such an irregularity as to defeat the title of purchasers who purchased after the probate of the will as an independent one. It has been held that an heir or devisee can sell and pass title to property even before the probate of the will. March v. Huyter, 50 Tex. 243. Under the foregoing authorities we think that the assignment of the notes, being negotiable instruments given to the executrix by the will, conveyed title to defendant in error, certainly as to all strangers and parties not directly interested in the administration of the estate. Strangers cannot collaterally attack a transfer of this character.

[3] Under several propositions plaintiffs in error insist that the first two notes made by Ringle and wife were barred by limitations when the suit was filed; that no extension contract had been made, as is required by V. S. C. S. art. 5695. This contention must be overruled. Before any of the seven notes in suit were four years past due A. A. Ringle and wife sold the land to L. S. Palmer, who in the contract of sale assumed the payment of them, and his assumption thereof is recited as part of the consideration in the conveyance made by Ringle and wife to him. This court held in Gilles et al. v. Miners' Bank of Cartersville, Mo., 198 S. W. 170, that the assumption in a deed by the grantee of the payment of a prior indebtedness against his grantor is a contract in writing, and that the statute of limitations begins to run from the date of such deed. It is further held therein that article 5688 is the statute applicable to cases of that character, and that articles 5693–5695 have no application. In the case of L. C. Denman Co. et al. v. Standard Savings & Loan Association (Tex. Civ. App.) 200 S. W. 1109, Dunklin, Justice, held that, where the maker of a note retaining the vendor's lien sold the property to another, who assumed the payment of the note, the contract of assumption, being for the plaintiff's benefit, was as binding as if a new note had been executed, and that it

was not barred until four years from the date of such assumption, though suit was brought upon it more than four years after the note became due, and that it complied with the requirements of article 5695. Writs of error were refused in both of these cases.

[4] As applied to the instant case, they sustain the court's judgment against Palmer for the full amount of all of the notes and foreclosure of the lien. Ringle and wife do not plead homestead exemption as a defense to Waggoner's action. This defense, together with that of limitations, is set up by Palmer and those claiming through him in virtue of certain contract and judgment liens. Defenses of limitation and homestead, being waived by Ringle and wife, are not available to the other plaintiffs in error except Palmer. Palm v. Chernowsky, 28 Tex. Civ. App. 405, 67 S. W. 165; Batts v. Middlesex Banking Co., 26 Tex. Civ. App. 515, 63 S. W. 1046. According to the uncontradicted evidence of Ringle, he never established a homestead upon the premises, and, aside from the question of law, the court is sustained by the facts upon that issue.

[5] Under the twelfth and thirteenth propositions the plaintiffs in error contend that Waggoner is not entitled to recover because it is shown that other parties own an interest in the notes sued on. Without reciting the testimony upon this issue, suffice it to say that Waggoner purchased the notes, and they were duly assigned to him in writing. He stated that at the time of the transaction it was thought that the first two notes were barred by limitation and worthless, and that he agreed, if judgment was recovered upon them, that he would pay 50 per cent. of the amount so recovered. This does not give the parties an interest in the suit, but only an interest in the recovery. Since he held the legal title, he may recover, either in his own right or for the benefit of those owning a contingent interest. This is not a matter of which plaintiffs in error can complain. Matlock v. Glover, 63 Tex. 231; Dowell v. Mills, 32 Tex. 440; Allen v. Pannell, 51 Tex. 168; Brown v. Chenoworth, 51 Tex. 476.

[6] The judgment decrees that C. S. Ringle recover the amount of two notes which the evidence shows he had previously assigned to Mrs. Emma Heinlen. Ringle filed a disclaimer. This is not an error which will require a reversal, but the facts upon which the judgment may be reformed and corrected appear in the record.

We find no reversible error in the record, and the judgment is reformed so that Mrs. Emma Heinlen, instead of C. S. Ringle, shall recover the amount adjudged to Ringle.

As reformed, the judgment is affirmed.