### J. W. WARD FARMING CO. et al. v. SEARCY et al. (No. 7062.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1923. Rehearing Denied Jan. 16, 1924.)

**1. Mortgages ⊗═436—Prior mortgagees held entitled to intervene in foreclosure proceedings by junior mortgagee.**

In a suit by a junior mortgagee to foreclose a mortgage, with a prayer that prior mortgagees be made parties for the purpose of having the amount of their claims ascertained and provided for out of the proceeds of the mortgaged property, the prior mortgagees were proper though not necessary parties, and had a right in the court's discretion to intervene and have their rights adjudicated.

**2. Mortgages ⊗═476—Court may pass upon rights of prior mortgagee in foreclosure proceedings if he is willing.**

In foreclosure proceedings by a junior mortgagee, if the prior mortgagee is willing to have his rights adjudicated in such suit his rights can be fully passed upon by the court.

**3. Venue ⊗═22(1)—Senior mortgagee bringing cross-action held to have right to sue all defendants in county where main suit pending.**

In a suit by junior mortgagee to foreclose a mortgage, in which by an amended petition prior mortgagees were made defendants, who thereon filed a cross-action seeking a foreclosure of their lien, subsequent lienholders were necessary parties to the cross-action, and, as they were properly suable in the county where the main suit was brought, other necessary parties could be sued there.

**4. Parties ⊗═50—Petitioners in cross-action have same right to make parties as original plaintiffs.**

Petitioners in a cross-action have the right to make parties on the same grounds that original plaintiffs had.

<hr/>

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Mortgages ⊚⟺427(1)—Subsequent lienholders and mortgagors necessary parties in suit by senior lienholder.**

In a cross-action by a defendant to foreclose a mortgage superior to plaintiff's, subsequent lienholders and mortgagors were necessary parties.

**6. Venue ⊚⟺22(1)—Right to sue one of necessary parties in certain county involves right to sue all there.**

Where plaintiff has the right to sue one of necessary parties in a certain county, he may sue all in that county.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by S. S. Searcy against the J. W. Ward Farming Company and others, in which defendants L. L. Lentz and another pleaded a cross-action, and defendants J. W. Ward Farming Company and another interposed their pleas of privilege. Pleas overruled, and defendants J. W. Ward Farming Company and another appeal. Affirmed.

R. W. Hudson, of Pearsall, and Lewright & Lewright, of San Antonio, for appellants.

Frank H. Booth, of San Antonio, for appellees.

FLY, C. J. S. S. Searcy sued the J. W. Ward Farming Company, J. W. Ward, J. B. Strait, J. S. Strait, and Y. C. Strait, residents of Dimmit county, on a promissory note payable in the city of San Antonio, Bexar county, Tex., in the sum of $5,867.45, and sought foreclosure of a deed of trust on 1,300 acres of land in Frio county, which deed of trust was given to secure payment of said promissory note. Several parties, setting up indebtedness and liens on the land, intervened in the suit, among the number L. L. Lentz. Afterwards Searcy filed an amended petition making the interveners and Frost National Bank parties defendant, in addition of the original parties sued, alleging that all the last-sued defendants were setting up claims to liens on the land. Lentz and Frost National Bank answered the petition of Searcy, and in addition pleaded a cross-action against Searcy, the original defendants and the interveners, alleging the ownership of a note executed by the J. W. Ward Farming Company and J. W. Ward to George W. Sanders for $20,000, payable at Pearsall, Tex., and secured by a deed of trust on the same 1,300 acres on which Searcy claimed a lien. They sought judgment on the note and foreclosure of their lien. To this cross-action appellants, J. W. Ward Farming Company and J. W. Ward, interposed their plea of privilege to be sued in Frio county, which being overruled, this appeal was perfected.

It is admitted by appellants that S. S. Searcy was authorized by the terms of his note to sue in Bexar county, and that C. A. Goeth and C. C. Clamp could also be sued in

that county; but it is contended that Lentz had no right to intervene, nor he and the Frost National Bank the right to maintain a cross-action against appellants. The note sued on by Searcy is dated September 21, 1921; the note sued on by Clamp, guardian, is dated July 21, 1921; the two notes sued on by C. A. Goeth are dated December 31, 1920; and the note declared on by Lentz and Frost National Bank is dated September 18, 1918, all being dated prior to the note of Searcy.

[1] It is contended by appellants that the only proper parties to a foreclosure suit are the mortgagor and mortgagee, and those who have acquired rights subsequent to the execution of the mortgage sought to be foreclosed. Several cases are cited in support of that proposition, which we briefly review.

In the case of Gamble v. Martin, 151 S. W. 327, the El Paso Court of Civil Appeals held that certain senior mortgagees were not proper parties to the suit of a junior mortgagee, the senior mortgagees having been made defendants in the suit. In the case before this court the senior lienholders intervened and set up their claims, except the Frost National Bank, which claimed an interest in the note for $20,000, on which Lentz intervened, and set up their claims, and made no objection to being sued. The decision in question is based on Wiltsie on Mortgage Foreclosures, § 187, p. 225; but in section 190 of the same book it is stated that prior mortgagees may be made parties for the purpose of having the amount of their claims ascertained and provided for out of the proceeds of the mortgaged property, and that is exactly what is prayed by Searcy in his amended petition.

In the cited case of Hague v. Jackson, 71 Tex. 761, 12 S. W. 63, it was not held that the prior mortgagee was not a proper party, but merely that he was not a necessary party. The same is held in Realty Co. v. Light Co. (Tex. Civ. App.) 160 S. W. 1109, and Ringh v. Waggoner (Tex. Civ. App.) 238 S. W. 236.

This court has held in the case of Big Sandy Lumber Co. v. Kuteman, 41 S. W. 172, that the prior mortgagee is not a necessary party, but not that he is not a proper party; and so it was held in Garza v. Howell, 37 Tex. Civ. App. 585, 85 S. W. 461.

[2] We are of opinion that the prior mortgagees were proper though not necessary parties to the foreclosure proceedings of the junior mortgagee, and had the right to intervene and have their rights adjudicated in one suit. If the prior mortgagee is willing to have his rights adjudicated in such suit such rights can be fully passed upon by the court. 19 R. C. L. § 332; Hagan v. Walker, 14 How. 29, 14 L. Ed. 312. The right to intervene in this suit was one that was in the discretion of the court, and, although the prior lienholders may not have had their

---

⊚⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

liens imperiled by the suit, the court could allow the intervention and avoid a multiplicity of suits. All of the interveners entered voluntarily into this suit.

[3-6] When Lentz and Frost National Bank filed their cross-action they had the same right to make parties on the same grounds that the original plaintiffs had, and, Searcy, Clamp, and Goeth being subsequent lienholders, they were necessary parties, and, having the right to sue them in Bexar county, they could sue all necessary parties, and appellants were undoubtedly necessary parties to the action. They could therefore sue appellants in Bexar county.

If any of the defendants were properly joined by Lentz and the Bank, and that is admitted by appellants, then all were properly joined. Oil Co. v. Robinson (Tex. Civ. App.) 50 S. W. 1054; Hoskins v. Bank, 48 Tex. Civ. App. 246, 107 S. W. 598. In the cross-action Lentz and the Frost National Bank sought a foreclosure of their lien not only as to Searcy and the interveners, but as against appellants, and, as appellants concede that the interveners were not only proper but necessary parties, appellants could be sued with them in Bexar county.

The judgment is affirmed.