## LORENZ v. MINGUS STATE BANK et al.
### No. 1105.

Court of Civil Appeals of Texas. Eastland.
April 28, 1933.
Rehearing Denied May 26, 1933.

Carroll McConnell, of Palo Pinto, for appellant.

J. T. Ranspot, of Mineral Wells, for appellees.

FUNDERBURK, Justice.

On July 19, 1931, while W. L. Lorenz was the holder and owner of a vendor's lien note for $250 given by W. Roark to C. W. McPherson for part of the purchase price of 16½ acres of land conveyed by McPherson to Roark, the Mingus State Bank had a writ of attachment levied on said land in a suit by it upon an account against said Roark and Dr. J. T. Pratt. One of the grounds for attachment as stated in the affidavit was: "That defendant W. Roark has secreted his property for the purpose of defrauding his creditors, and that he is about to secrete his property for the purpose of defrauding his creditors." The return of the sheriff on the attachment writ described the property "as the property of the defendant W. Roark at Mingus, Texas, in Palo Pinto County * * * 16 acres out of T. & N. O. Ry. Survey 201, Abst. 696, property of W. Roark." On October 17, 1931, the 16½ acres of land were conveyed by W. Roark to said W. L. Lorenz for a recited consideration of $550 cash. On October 21, 1931, said bank was given judgment in its suit for its debt and foreclosure of the attachment lien, with provision for the issuance of an order of sale. Prior to sale under said order, this suit was brought by said W. L. Lorenz to enjoin the sale of said land under said order. The court below, upon the trial of the case, denied the injunction, and from the judgment the plaintiff has appealed.

The parties will be referred to as plaintiff and defendants as in the court below.

Plaintiff grounds his right to an injunction upon the defect in the affidavit for attachment and the alleged insufficiency in the description of the property in the sheriff's return upon the writ of attachment as noted in the foregoing statement.

 We conclude that the plaintiff was not entitled to complain of the insufficiency of the affidavit. We are further of opinion that the same is true as to the officer's return. We do not hold, however, that the return was insufficient. The general rule that the insufficiency of an affidavit vitiates an attachment is given effect where timely claimed in the attachment proceeding. If jurisdiction to render a judgment in the case is not dependent upon the attachment, as in this case, "a judgment against the defendant may not be attacked in a collateral proceeding upon the ground that the attachment was issued upon an insufficient affidavit." 5 Tex. Jur., p. 206, § 39; Slade v. LePage, 8 Tex. Civ. App. 403, 27 S. W. 952; Roos v. Lewyn, 5 Tex. Civ. App. 593, 23 S. W. 450, 24 S. W. 538; Reinertsen v. Bennett & Sons (Tex. Civ. App.) 185 S. W. 1027; Smith v. Citizens' Nat. Bank (Tex. Civ. App.) 246 S. W. 407, 410; Goodbar, etc., Co. v. City Nat. Bank, 78 Tex. 461, 14 S. W. 851.

 Neither the pleadings nor the evidence discloses any other right of the plaintiff to enjoin the sale of the land. The record discloses that plaintiff is the holder of apparently a senior lien upon the land. The fact that, subsequently to the levy of the attachment, he took a conveyance of the land, does not, as between him and the defendants, work a discharge of such lien or render it subordinate to the foreclosed attachment lien, in a suit to which he was not a party. Silliman v. Gammage, 55 Tex. 365; Ogden v. Bosse, 86 Tex. 343, 24 S. W. 798, 801; King v. Brown, 80 Tex. 278, 16 S. W. 39; Boone v. Miller, 86 Tex. 79, 23 S. W. 574, 575; McDonald v. Miller, 90 Tex. 313, 39 S. W. 89; Byers v. Brannon (Tex. Sup.) 19 S. W. 1091, 1094; Willis v. Heath (Tex. Sup.) 18 S. W. 801; Owens v. Heidbreder (Tex. Civ. App.) 44 S. W. 1079, 1087. It may be that Lorenz' interest in the land, other than as the holder of a lien against same, is subject to the judgment foreclosing the attachment lien. If so, it would be on the principle that he is privy to the defendant Roark in said judgment. Clearly, however, his status as a lienholder is not affected. As to the defendants his status is the same as that of a senior mortgagee in relation to a junior mortgagee, and the rule is that a senior mortgagee is not a necessary party to a foreclosure suit by a junior mortgagee. Hague v. Jackson, 71 Tex. 761, 12 S.

W. 63; McDonald v. Miller, 90 Tex. 309, 39 S. W. 89; Garza v. Howell, 37 Tex. Civ. App. 585, 85 S. W. 461; Big Sandy Lbr. Co. v. Kuteman (Tex. Civ. App.) 41 S. W. 172. It would seem to follow that, in the absence of allegations of special facts and circumstances disclosing a right to some special equitable relief, the senior mortgagee, being unaffected by the suit of the junior mortgagee to which he was not a party, would have no right to enjoin the foreclosure sale decreed in favor of the junior lienholder. Plaintiff, by the purchase of the land as between him and the defendants, still has his lien upon the land to secure his vendor's lien note, and by his purchase of the land also has the equity of redemption from that lien, subject only to the judgment of defendant bank ordering the sale of the land. McDonald v. Miller, 90 Tex. 309, 39 S. W. 89. Under the decision in the last-named case, a sale of the land under the defendant's judgment and the order providing for such sale would transfer to the purchaser the equity of redemption and nothing more.

 Prior to the sale, plaintiff may, if he chooses to do so, exercise his equity of redemption, pay off defendant's judgment, and thereby perfect title to his land. If, however, he should consider that, after the satisfaction of his own lien and the payment of defendant's judgment, there would remain no equity, he may simply foreclose his lien, making the defendant bank a party.

There being, in our opinion, no error in the judgment of the court, that judgment should be affirmed, which is accordingly so ordered.