**PARKER et al. v. CHAMBERS et al.**

**No. 3980.**

Court of Civil Appeals of Texas. Beaumont.

Feb. 26, 1942.

S. M. Adams, of Nacogdoches, for appellants.

Joe J. Fisher, of Jasper, and Charles McMillan, of San Augustine, for appellees.

WALKER, Chief Justice.

In the lower court appellees, O. S., C. A., and E. A. Chambers and W. E. Dickerson, recovered judgment against appellants, F. K. Parker and Gladys Parker, for the sum of $220.67, with foreclosure of a materialmen's lien on the real estate described in their petition. For cause of action, they alleged a balance due of $220.67 for material furnished by them to appellants for the erection of a three story brick building on the real estate which they alleged to be of the reasonable value of $15,000, and they further alleged the due creation of their materialmen's lien against the real estate. Appellants answered by plea to the jurisdiction of the district court, the nonjoinder of a senior lien holder, and certain credits, offsets, payments, etc.

Appellants' plea to the jurisdiction is on the ground that the district court did not have jurisdiction of the damages prayed for in the sum of $220.67, nor did the district court have jurisdiction to foreclose the materialmen's lien, it "not being a contract lien." The law is that our district courts have exclusive jurisdiction of suits for the enforcement of materialmen's liens upon land. Crowell v. Mickolasch, Tex.Civ. App., 297 S.W. 234; Noyes v. Smith, Tex. Civ.App., 77 S.W. 649; 29 Tex.Jur. 603, and authorities therein cited.

Appellants prayed that they "be dismissed with their costs," on the ground that the J. D. Whitton estate was a necessary party, on allegations that it held a senior and superior lien on the real estate described in appellees' petition, and on which they asserted their lien. This prayer was properly denied. A senior lien holder is not a necessary party in an action by a junior lien holder to foreclose his lien. 32 Tex.Jur. 21, Ringle v. Waggoner, Tex. Civ.App., 238 S.W. 236; Art. 5459, Vernon's Ann.Civ.St. The fact that the evidence, there being no plea on this issue, may have disclosed certain lien holders junior

and inferior to appellees' lien was not sufficient to abate appellees' cause of action.

The record does not support appellants' assignment that the lower court failed and refused to dispose of their "cross action or affirmative plea against appellees." Appellants plead no cross action against appellees, nor did they pray for affirmative relief against them. They simply plead settlement and payment of all sums due by them to appellees, and their prayer was that they "go hence with their costs, without day, and for such other and further relief as they may be entitled to, in law and in equity." The judgment of the court in favor of appellees necessarily disposed of all issues made by the pleadings.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.