**Reversed and Remanded and Memorandum Opinion filed July 24, 2012.**



**In The**

# Fourteenth Court of Appeals

———————————————

## NO. 14-11-00488-CV

———————————————

**PATRICIA VAUGHN, Appellant**

**V.**

**SECURITYNATIONAL MORTGAGE COMPANY, Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-64394**

---

## MEMORANDUM OPINION

Appellant, Patricia Vaughn ("Vaughn"), appeals a summary judgment in favor of SecurityNational Mortgage Company ("SNMC") in the amount of $222,085.51. In one issue, Vaughn contends that the trial court erred in granting the motion for summary judgment. We reverse and remand.

# FACTUAL & PROCEDURAL BACKGROUND

In 2005, Cindy and Yao Chung Liu ("the Lius") purchased a townhome in Houston, Texas (the "Property"). On or about July 23, 2007, the Lius borrowed $35,000.00 from Vaughn,[1] and the Lius executed a note for the loan secured by a deed of trust on the Property. Yao Chung Liu represented to Vaughn that the loan was related to a transaction concerning the parents of his wife, Cindy Liu. On August 7, 2007, the Lius refinanced their townhome with SNMC. They executed two notes and deeds of trust with SNMC; the first for the amount of $450,000.00, ("Note One"), and the second for $52,000.00, ("Note Two"). On August 13, 2007, SNMC recorded the deeds of trust in the Harris County real property records. On March 12, 2008, Vaughn recorded her deed of trust from the Lius in the Harris County real property records.

Sometime between July 2007 and July 2008, the Lius defaulted on Vaughn's note.[2] Vaughn sent the Lius a notice of default, and subsequently an acceleration notice.[3] On July 1, 2008, a non-judicial foreclosure sale was conducted and Vaughn, the sole bidder, purchased the property for $31,000.00. After receiving the substitute trustee's deed, Vaughn recorded it in the Harris County real property records on July 14, 2008.

On July 23, 2008, Vaughn and the Lius entered into an "Assignment of Interest in Property and Release of Deficiency" contract ("Assignment").[4] In the Assignment, Vaughn agreed to forgive any deficiency owed by the Lius in exchange for an assignment

---

[1] The Lius are not parties to this appeal.

[2] It is unclear from the record when default occurred.

[3] It is unclear from the record when Vaughn sent the notices of default or acceleration.

[4] The Assignment states that "a deficiency remains of at least $7,000.00 owing by [the Lius] on the Property."

of all of the Lius' rights and interests in the Property, including all rights under instruments affecting the Property.[5]   Vaughn then proceeded to rent the Property to a third party.

In the early months of 2008, prior to Vaughn's foreclosure, the Lius defaulted on Note One.[6]   In October, SNMC sent the Lius a notice of acceleration of Note One, indicating that unless the entirety of the Note was paid in full, SNMC would exercise its right of non-judicial foreclosure on November 4, 2008.   On October 30, 2008, Vaughn filed her original petition in this matter and requested a temporary restraining order against SNMC to prevent it from foreclosing on the Property.   The temporary restraining order was granted just one day before SNMC was scheduled to foreclose.

On December 11, 2008, the trial court denied Vaughn's application for temporary injunction.   That same day, SNMC sent Vaughn's attorney a notice of intent to foreclose addressed to Cindy Liu.   This letter indicated that unless the entire outstanding balance of Note One was paid, pursuant to the deed of trust, a non-judicial foreclosure sale would be

---

[5] Specifically, the Assignment states:

> For valuable consideration, including the waiver of any deficiency claim by Assignee against Assignor related to the Property, Assignor assigns, transfers to, sets over, quitclaims to, gives, relinquishes in favor of, sells, and/or conveys to Assignee all of Assignor's interest in the Property; including those under Instruments 20070494274, 20070494275, and Y919752 [the warranty deed to the Lius, and SNMC's two deeds of trust].  This Assignment is to be broadly construed so as to give it the maximum legal effect under the law; and includes but is not limited to claims, remedies, equities, demands, enforcement rights, general rights, right to attorney's fees, right to receive notice of default, right to receive notice of foreclosure, right to receive notice of acceleration, right to reinstate, right to cure, right to refund for reduction in interest rate, contractual rights, right to litigation costs, legal interest, beneficial interest, subrogation rights, MUD refunds, PUD refunds, statutory rights, common law rights, liens, contingent rights, earnest money refund, causes of action, defenses, damages, condemnation funds, interest refunds, repair refunds, security refunds, security deposits, deposit refunds, tax refunds, title, tax rebates, and ownership in the Property; This assignment binds, benefits, and may be enforced by the successors in interest of the parties.

[6] SNMC indicates that the Lius had not made a payment on Note One since at least February 2008. However, a demand for payment on Note One sent to the Lius in September 2008 stated that the first missed payment occurred on March 1, 2008.

conducted.   On January 6, 2009, the Property was sold to SecurityNational Life Insurance Company for $311,310.00 at the non-judicial foreclosure sale.

After it foreclosed on Note One, SNMC pursued counterclaims against Vaughn and third party claims against the Lius.   On April 23, 2009, the trial court granted SNMC's motion for summary judgment as to all of Vaughn's affirmative claims.[7]   The grant of this motion left only SNMC's claims against Vaughn and the Lius pending before the trial court.[8]

Vaughn filed a motion for summary judgment that SNMC take nothing on its claims.   In turn, SNMC filed a "Partial Motion for Summary Judgment" solely on its claim for a deficiency judgment and attorneys' fees.

The trial court granted SNMC's motion for partial summary judgment.   In its order, the trial court found Vaughn and the Lius jointly and severally liable for both the deficiency amount of $191,000.00, and for SNMC's attorneys' fees of $31,085.51. Approximately one month later, the trial court denied Vaughn's summary judgment motion and signed a "Final Summary Judgment" making SNMC's partial summary judgment, for the deficiency amount and attorneys' fees, final.[9]

---

[7] Vaughn does not challenge on appeal the grant of summary judgment against her.   Vaughn, as the Lius assignee, had asserted claims against SNMC for unjust enrichment, fraud, violations of the Real Estate Settlement Procedures Act, violations of the Federal Truth in Lending Act, breach of fiduciary duty, and fraudulent misrepresentation.

[8] SNMC's counterclaims against Vaughn alleged claims based on wrongful foreclosure, filing of a fraudulent lien, breach of contract, conversion, deficiency judgment, frivolous lawsuit, tortuous interference with contract, common law indemnity, money had and received, and wrongful injunction.

[9] The final judgment states "[t]his is a final judgment as to all claims and all parties and all relief not specifically granted is denied."   The Lius have not appealed the judgment.

4

**ANALYSIS**

In her sole issue, Vaughn asserts that the trial court erred in granting summary judgment for SNMC.

**A. Standard of Review**

The movant for a traditional summary judgment has the burden to show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In determining whether there is a genuine fact issue precluding summary judgment, evidence favorable to the non-movant is taken as true and the reviewing court makes all reasonable inferences and resolves all doubts in the non-movant's favor. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Nixon*, 690 S.W.2d at 548–49. When the plaintiff is the movant, the plaintiff must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action as a matter of law. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Pentad Joint Venture v. First Nat'l Bank of La Grange*, 797 S.W.2d 92, 95 (Tex. App.—Austin 1990, writ denied). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact. *City of Houston*, 589 S.W.2d at 678–79.

We review a trial court's summary judgment *de novo. Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgments must stand on their own merits. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). The non-movant need not have answered or responded to the motion to contend on appeal that

5

the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. *See City of Houston*, 589 S.W.2d at 678. On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548. We will affirm if any of the theories advanced in the motion for summary judgment are meritorious. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996).

## B. Deficiency Judgment

On appeal, Vaughn specifically contends that the trial court erred in granting summary judgment as to SNMC's deficiency judgment cause of action.

To obtain a deficiency judgment against Vaughn, SNMC first had to show that Vaughn was personally liable for payment of the note. *See Kansas City Life Ins. Co. v. Hudson*, 71 S.W.2d 574, 576 (Tex. Civ. App.—Waco 1934, writ ref'd); *Fidelity Union Fire Ins. Co. v. Cain*, 28 S.W.2d 833, 835–36 (Tex. Civ. App.—Dallas 1930, no writ.); *International-Great N. R. Co. v. Oehler*, 262 S.W. 785, 788 (Tex. Civ. App.—Texarkana 1924, writ ref'd); *Rabb v. Tex. Loan & Inv. Co.*, 96 S.W. 77, 79 (Tex. Civ. App. 1906); *see also Arcadia Refining Co. v. Cook*, 146 S.W.2d 767, 771–72 (Tex. Civ. App. —Texarkana 1940, writ dism'd judgm't cor.); 30 Tex. Jur. 3d *Deeds of Trust and Mortgages* § 263. Generally, a purchaser at a foreclosure of a junior mortgage takes the property subject to any preexisting liens on the property. *Garza v. Howell*, 85 S.W. 461, 462 (Tex. Civ. App. 1905); *see also* 30 Tex. Jur. 3d *Deeds of Trust and Mortgages* § 256. A purchaser of property securing a mortgage is not obligated to pay the mortgage simply because title is acquired with knowledge or notice of its existence or because the purchaser agreed to take the encumbered property. *See Slaughter v. Morris*, 291 S.W. 961, 962–63 (Tex. Civ. App.—Austin 1926, writ dism'd, w.o.j.) (determining that purchaser of land that was already encumbered by two deeds of trust was not liable for deficiency amount because he did not assume payment of the debt secured by those deeds of trust). Where a purchaser

6

takes an already mortgaged property without assuming the mortgage debt, the purchaser is not personally liable for any deficiency beyond the value of the mortgaged property. *Hudson*, 71 S.W.2d at 576 ("[T]he implied agreement arising out of the acceptance of title to land subject to an indebtedness secured by lien thereon … can be enforced in this state only by subjecting such property to the satisfaction thereof, and does not create personal liability on the part of the purchaser."); *Oehler*, 262 S.W. at 788 ("[W]here purchasers take property subject to a pre-existing lien, without a covenant assuming the mortgage debt, they are not personally liable in the sense that they may be held responsible for any deficiency beyond the value of the incumbered (sic) property in their hands."); *see also Cain*, 28 S.W.2d at 835–36.   There is no basis for a personal judgment against a purchaser who has not assumed the obligation of paying the mortgage debt.   *Rabb*, 96 S.W. at 79; *see also Cook*, 146 S.W.2d at 771–72 ; 30 Tex. Jur. 3d *Deeds of Trust and Mortgages* § 263.

An agreement by the purchaser of mortgaged property to pay the mortgage debt may be incorporated in the deed or may be outside of the conveyance.   *Holland v. W.C. Belcher Land Mortg. Co.*, 248 S.W. 803, 806 (Tex. Civ. App.—Fort Worth 1922, writ dism'd, w.o.j.); *see also* 30 Tex. Jur. 3d *Deeds of Trust and Mortgages* § 107.   The purchaser of property subject to a mortgage may, by the use of particular language, evidence an intention to become personally liable for the mortgage debt.   *Cain*, 28 S.W.2d at 836.   Where an assumption is only implied and not expressed in the deed, evidence to show that the grantee did not intend to assume the payment of the debt is admissible. *Farm & Home Sav. & Loan Ass'n v. Landau*, 48 S.W.2d 777 (Tex. Civ. App.—Eastland 1932, no writ.).

SNMC does not argue that a validly executed note exists between it and Vaughn. In fact, it is undisputed that SNMC received an executed note from the Lius, not Vaughn. In its motion for summary judgment, SNMC made three arguments to support its position

7

that Vaughn became personally liable on the note. First, SNMC argued that the Assignment between the Lius and Vaughn put SNMC and Vaughn in "privity of estate," making Vaughn liable on the notes. Second, SNMC argued that the Assignment itself provides for Vaughn's personal liability. Finally, SNMC contended that under the doctrine of quasi-estoppel, Vaughn is liable for the deficiency.

In support of its privity of estate argument, SNMC cited a case discussing the assignment of a lease and the resulting liability of the assignee. *See Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc.*, 938 S.W.2d 102 (Tex. App.—Houston [14th Dist.] 1996, no writ). *Twelve Oaks* is distinguishable from the case at hand in that it deals with a different kind of assignment—that which occurs in landlord-tenant law. The privity of estate argument does not apply in the context of the present case.[10]

Second, SNMC argued in its motion for summary judgment that the Assignment between the Lius and Vaughn itself provides for personal liability. However, nowhere within the Assignment is there an express assumption of the mortgage debt. At no point is there a statement that Vaughn will pay the mortgage debt. SNMC points to the language within the Assignment stating that it is to be "broadly construed so as to give it the maximum legal effect under the law" as conclusively establishing Vaughn's personal liability on the notes. However, this language does not establish as a matter of law that Vaughn assumed the debt owed to SNMC. The language of the assignment merely quitclaims and conveys to Vaughn all of the Lius' affirmative rights and interests.

Finally, SNMC argued in its motion for summary judgment that under the doctrine of quasi-estoppel Vaughn is liable for the deficiency. SNMC contends that "Quasi-Estoppel binds … Vaughn to the obligations under the SecurityNational contracts because she has taken actions consistent with owning and occupying the Property, thus

---

[10] SNMC cites no authority, and we are aware of none, which applies privity of estate law to a foreclosure of a junior lien, or other conveyance of title subject to a preexisting lien.

obligating her to perform under those agreements." However, prior to SNMC's foreclosure, Vaughn *was* the owner of legal title to the Property. *See Williams v. Nationstar Mortg. L.L.C.*, 349 S.W.3d 90, 94 (Tex. App.—Texarkana 2001, pet. denied) ("A purchaser at a foreclosure sale obtains that title and interest which the trustee has authority to convey."). Vaughn foreclosed on her lien against the Property and was the highest bidder at that sale. As a result, Vaughn became the owner of the legal title. *See id.* Vaughn's foreclosure and subsequent ownership of the Property does not make her personally liable on a note held by a senior lienholder. *See Garza*, 85 S.W. at 462; *Slaughter*, 291 S.W. at 962–63; *see also* 30 Tex. Jur. 3d *Deeds of Trust and Mortgages* § 256.

The record does not establish SNMC's entitlement to summary judgment as a matter of law. Accordingly, we sustain Vaughn's sole issue.

## CONCLUSION

We reverse the summary judgment against Vaughn and remand that part of the case to the trial court.[11]

/s/     Margaret Garner Mirabal
Senior Justice

Panel consists of Justices Seymore, Boyce, and Mirabal.[12]

---

[11] We express no opinion as to the judgment against the Lius, as they are not parties to this appeal.

[12] Senior Justice Margaret Garner Mirabal sitting by assignment.

9